# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## KAUFMAN v. CHARLOTTESVILLE WOOLEN MILLS.

### NOVEMBER 19, 1896.

1. DIVIDENDS—*Stock Dividends—Exchange of Stock, Reserving Dividends.*— A stock dividend is not, in the ordinary sense, a dividend at all; the latter being a distribution of profits to stockholders as income from their investments   If two persons exchange stocks, each reserving to himself the dividend shortly thereafter to be declared on his original stock, and there is declared on one of the stocks a cash dividend, and also a stock dividend, the cash dividend alone belongs to the original holder of the stock, and the stock dividend passes with the stock as a part thereof to the new owner.

Argued at Staunton.   Decided at Richmond.

Error to a judgment of the Circuit Court of Albemarle county, rendered May 19, 1896, in an action of detinue, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

This was an action of detinue in the Circuit Court of Albemarle county, brought by M. Kaufman against the Charlottesville Woolen Mills, to recover eleven shares of stock of the defendant company, of the value of fifty dollars each. The defendant filed an affidavit disclaiming all interest in the subject-matter of the suit, and averring that one, William Hotopp, claimed the stock sued for; that the defendant did not collude with him, and was ready and willing to abide the judgment of the court in the premises. A rule was made on Hotopp to appear and state the nature of his

claim, and maintain or relinquish it; and he appeared in answer thereto, stated the nature of his claim, and asked to be substituted as defendant in the suit, which was accordingly done. And thereupon an issue was made up to test the question of the ownership of the stock in controversy. Neither party requiring a jury, the court heard the evidence and gave judgment in favor of the defendant, Hotopp, and to this judgment this writ of error was awarded.

*Duke & Duke,* for the plaintiff in error.

*George Perkins,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This controversy grows out of an exchange of stock, reserving dividends.

On the 3d of January, 1896, William Hotopp sold to M. Kaufman thirty shares of the capital stock of the Monticello Wine Company, par value $100 per share, for forty shares of the capital stock of the Charlottesville Woolen Mills Company, par value $50 per share, it being understood and agreed between the parties that Hotopp was to receive whatever dividend was declared on the stock of the Monticello Wine Company for January, 1896, and Kaufman was to receive whatever dividend was declared on the stock of the Charlottesville Woolen Mills Company for January, 1896. Each received from the other the scrip representing the stock purchased in the exchange, and the stock was duly transferred to the parties on the books of the companies.

On the 14th day of January, 1896, the Charlottesville Woolen Mills Company held its regular annual stockholders' meeting, and declared a cash dividend of ten *per cent.*, and there being an accumulated surplus in the treasury, and the stockholders deeming it expedient, the following resolution was unanimously adopted: " *Resolved,* That the capital stock

of said company, both common and preferred, be increased
to a total sum of $200,000, said increase to be made by capi-
talizing so much of the surplus of this company as will be
sufficient to accomplish the above purpose, and issuing
therefor common stock of the company *pro rata* among the
present holders of both common and preferred stock accord-
ing to their respective holdings." In pursuance of this reso-
lution the capital stock of the company was increased
twenty-seven *per cent.*, and new certificates issued to the
stockholders in proportion to the interest of each. Hotopp
received the dividend reserved by him on the Wine Com-
pany stock, and Kaufman received the ten *per cent.* cash
dividend which was distributed to the stockholders on the
stock of the Woolen Mills Company. Kaufman, however,
claims that, under his contract, he is also entitled to the
twenty-seven *per cent.* surplus earnings in the treasury which
was capitalized by the company; that inasmuch as the cash
was in the treasury representing this twenty-seven *per cent.*,
and could have been distributed as a dividend to the stock-
holders, therefore the stock dividend of twenty-seven *per
cent.* represented profits of the company, and constituted
part of the dividend to which he was entitled under his
contract. Hotopp disputes this claim, and contends that
the stock dividend did not pass; that all Kaufman was en-
titled to under the contract was the cash dividend of ten
*per cent.* declared by the company, which was paid to him.

A stock dividend is not, in the ordinary sense, a divi-
dend; the latter being a distribution of profits to stock-
holders, as income from their investment. A stock dividend
is merely an increase in the number of shares, the increased
number representing exactly the same property that was
represented by the smaller number of shares. The corpo-
rate property remains the same after the stock is increased
as before, and the interest of each stockholder in the corpo-
rate property is also unchanged. He merely holds a new

representative or evidence of that interest. Kaufman sold and Hotopp bought the interest of the former in the corporate property of the Woolen Mills Company, represented by a certificate for forty shares. Hotopp, after the shares were increased, owned no greater interest in the corporate property than he bought from Kaufman. The same interest after the increase was represented by a certificate for fifty-one shares instead of forty.

Corporate earnings are, until distributed by the company, part of the corporate property. The stockholder has an interest in such earnings, as he has in all the other corporate property, in proportion to his stock, but he is not entitled to the control or use of the same, except such portion thereof as the corporation, acting in good faith, may separate from the corporate property, and distribute to the stockholders as dividend or income.

The accumulated profits of a corporation belong to the company, and acting in good faith, and for the best interest of all concerned, the corporation may capitalize the surplus, or it may invest it in its work and plant so as to secure and increase the permanent value of its property, or it may reserve part of the earnings of a prosperous year to make up for a possible lack of profits in future years, or it may distribute its earnings at once to its stockholders as income.

Which of these courses is to be pursued must be determined by the directors, with due regard to the condition of the company's property and affairs as a whole, and, except in case of fraud and bad faith on their part, their discretion in this respect cannot be controlled by the courts. *Gibbons* v. *Mahon*, 136 U. S. 549. The case cited is analogous to that at bar, being a controversy between a life tenant and remainderman, the former claiming the right to enjoy as income a stock dividend declared from the accumulated earnings of the company, but the court, after reviewing the authorities, both English and American, reaches the conclu-

sion that the new shares issued in pursuance of the stock dividend must be treated as capital, the income therefrom, alone, being payable to the life tenant.

In the case at bar it is clear, on reason and authority, that the proper construction of the contract between the parties is that Kaufman retained to himself whatever dividend was declared in January, 1896, as the ordinary and usual fruit of the investment he was parting with. This he received when the cash dividend of ten *per cent.* declared for the stockholders was paid to him.

The stock dividend of twenty-seven *per cent.* represented part of the corporate property sold to Hotopp, in which Kaufman reserved no interest, and was therefore not entitled to the whole or any part thereof.

The judgment of the court below is correct, and must be affirmed.

*Affirmed.*