LANCASTER TRUST COMPANY v. J. B. MASON.

(Filed 27 May, 1910.)

**Corporations — Rehearing — Dividends Reserved — Stock and Cash Dividends—Purchaser—Intent Acquired.**

The interest of stockholders in a corporation remains unchanged upon the latter declaring a so-called stock dividend, as such stock dividend neither takes from nor adds to the corporate wealth; and an accepted offer to sell certain shares of stock in a corporation at a certain price, reserving dividends to be declared at a certain date, refers only to dividends payable in cash, and not to stock dividends which had already been declared, to be effective at the date specified: *Hence,* by buying the shares so offered, the purchaser acquired the stock dividend thereon, and the seller under the contract of sale is entitled to the regular and special cash dividends payable in January following.

Former opinion modified.

PETITION to rehear this cause decided 11 November, 1909, and reported 151 N. C., 265.

*Foushee & Foushee* for petitioner.
*Giles & Sikes contra.*

BROWN, J.   When we considered this cause at last term we concluded that under the terms of the contract of sale of the stock in the Durham Cotton Manufacturing Company the reservation of the "January dividend" by plaintiff entitled it not only to the regular 4 per cent and extra 6 per cent cash dividend declared and payable then, but also to the value of the so-called 50 per cent stock dividend which was declared at same time as the regular and extra cash dividends.

Upon a careful review of the correspondence between the parties and a further consideration of the case we are led to the conclusion that the words, "allowing the January dividend to

us," used in plaintiff's letter of 23 December, 1907, was intended to refer to dividends payable in cash only, and do not embrace the so-called stock dividend of 50 per cent.

That was not strictly or in the usual sense of the word a dividend. It was simply an increase in the capital stock by dividing the capital of the corporation into a larger number of shares and allotting them to each stockholder in proportion to the number of shares he owned before the increase. This is not infrequent in these days when "watering stock" is no uncommon occurrence; not that we mean to intimate that such has been the case here. Therefore it has been held that where the word dividend is used without qualification or explanation it signifies dividends payable in money. 14 Cyc., .554, and cases cited; Black Law Dict., 3 Words and Phrases, pp. 2143 and 2144; *Smith v. Hooper,* 95 Md., 16.

This appears to us to be more consistent with the relationship which exists between the stockholders and the corporation.

The distinction between the title of a corporation and the interest of its stockholders in the corporate property is familiar and well settled. *Van Allen v. Assessors,* 3 Wall., 573; *Pullen v. Corporation Commission, ante,* 548. The ownership of that property is in the corporation and not in the holders of shares of stock. The certificates of shares of stock denote the interest of each stockholder, which consists in the right to his proportionate part of the profits when declared as dividends, and to a like proportion upon its dissolution, after its debts are paid. Therefore the value of the shares of stock are dependent upon the value of the property retained by the corporation. A cash dividend depletes the treasury of the corporation and detracts from its assets, but a stock dividend neither takes from nor adds to the corporate wealth. The interest of each stockholder remains the same when he receives his stock dividend as it was before. He is neither richer nor poorer. By it nothing is taken from the property of the corporation and nothing added to the interests of the shareholders. Its property is not diminished and their interests are not increased.

Upon this principle it is held that *accumulated earnings* (upon which stock dividends are supposed to be based), so long as they are held by the corporation, being a part of the corporate property, the interest therein represented by each share is capital, and not the income of that share, as between tenant for life and the remainderman, legal or equitable, thereof. *Gibbons v. Mahon,* 136 U. S., 558. In this case it is said that "ordinarily a dividend declared in stock is to be deemed capital, and a dividend in money is to be deemed income of each share."

This view is taken by the Court of Appeals of Virginia: "A stock dividend is merely an increase in the number of shares; the increased number representing the same property that was represented by the smaller number of shares. One who sells stock, reserving the dividend that may be declared by a certain date, cannot claim the stock dividend thus declared, but only the cash dividend." *Kaufman v. Charlottesville Woolen Mills*, 93 Va., 673, 25 S. E., 1003.

It is held by the Illinois Court that, "A stock dividend gives the stockholder merely an evidence of the additions made by the corporation to its own capital. It adds nothing to the capital of the corporation nor to the capital of the shareholder." *DeKoven v. Alsop*, 205 Ill., 309, 63 L. R. A., 587: "A stock dividend is not in the ordinary sense a dividend; the latter being the distribution of profits to stockholders as the income from their investments. A stock dividend is merely an increase in the number of shares; the increased number representing exactly the same property that was represented by the smaller number of shares." 7 Words and Phrases, p. 6664, and cases cited.

As it is admitted the plaintiff did not know of any stock dividend, it is manifest that it intended to sell and transfer to the defendant the entire interest in the corporate property represented by the four shares of stock it held prior to any increase in the capital stock.

As the defendant testifies that he had no knowledge of such increase, and as he paid $675 per share for each share of the par value of $500, we think it equally evident that he intended to purchase the entire interest of plaintiff in the corporate property.

Therefore we now think that, upon reason and authority, the proper construction of the contract is that the plaintiff sold its entire interest in the corporate property, retaining whatever cash dividend that should be declared as the fruit of the investment that it was parting with. The so-called stock dividend of 50 per cent represented part of the corporate property sold to defendant, in which plaintiff reserved no interest and is therefore not entitled to the whole or any part of it.

The former opinion is modified so as to hold that plaintiff is entitled to recover the extra cash dividend, but not the value of the stock dividend or any part of it.

The judgment of the Superior Court is reversed and nonsuit set aside and a new trial ordered.

The costs of the appeal are taxed against the defendant. The costs of this rehearing are taxed against plaintiff.

Petition allowed.