THE UNION AND NEW HAVEN TRUST COMPANY, TRUSTEE, *vs.* CHARLES M. TAINTOR ET ALS.

Third Judicial District, Bridgeport, April Term, 1912.

PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

The Delaware, Lackawanna and Western Railroad Company purchased as an investment all the stock of the Lackawanna Railroad Company out of its surplus earnings, and took a perpetual lease of the road and guaranteed a four per cent. yearly dividend on the stock so purchased, and thereafter declared a dividend on its capital stock by distributing to its stockholders said stock of the Lackawanna Railroad Company, which stock thus ceased to be a part of the surplus assets of the Delaware, Lackawanna and Western Railroad Company, and passed from its control and ownership. In an action to determine the respective rights of life tenant and remaindermen to certain shares of the stock thus distributed it was *held:*—

1. That said dividend was a cash dividend, which term includes all distributions of surplus assets, whether in the form of cash or property taken from the body of the assets to become the property of the shareholder.

2. That it is the settled doctrine of this State that, save in exceptional cases, cash dividends are regarded as income and pass to the life tenant, as in the present case, while stock dividends, that is, an issue by a corporation of new shares of its own stock to its stockholders, payment being usually made by the transfer of surplus assets to capital, are treated as capital and pass to the remainderman.

3. That the burden is upon the remainderman to show that the operation of this rule, that the life tenant takes a cash dividend, took from the capital its rightful due.

Capital may not be impaired by distribution to shareholders; surplus may be.

This court has no occasion to consider rights which are based upon facts wholly outside the record.

The present case is not controlled by General Statutes, § 377, providing that stock dividends shall belong to the trust fund and shall not be deemed income.

The case of *Bishop* v. *Bishop*, 81 Conn. 509, distinguished.

Argued April 16th—decided June 13th, 1912.

SUIT to determine the rights of the respective beneficiaries under the will of Mary C. Wakeman of Southport, deceased, brought to and reserved by the Superior Court in New Haven County (*Holcomb, J.*), upon issues presented by the facts stated in the complaint and admitted by the several answers of the defendants, for the advice of this court. *Judgment advised for the life tenant.*

Mary C. Wakeman of Southport died April 17th, 1909, leaving a will, duly admitted to probate, and by it gave an aliquot part of her residuary estate to her son Jesup Wakeman, and by the fifth article of the second codicil of her will she provided as follows: "Fifth: The share in my estate which in my will I have given absolutely to my son Jesup, or, if he dies before me, to his daughter Elizabeth if she survives me, I now give to my son Jesup for life, remainder to his said daughter Elizabeth for her life, remainder per stirpes in fee to such of my other grandchildren and issue of deceased grandchildren as are living at my death."

Said Jesup Wakeman died before the testatrix, and his said daughter Elizabeth survived her and married the defendant Frederick Dwight. No child has been born to her. Said testatrix left surviving her the following grandchildren, to wit: said Elizabeth Wakeman Dwight; Charles M. Taintor, a son of Eliza H. W. Taintor, now deceased, who was a daughter of said testatrix; the defendants M. Louise Shaw, Edythe W. Dolby and Ross W. Wakeman, children of William W. Wakeman, Jr., a deceased son of said testatrix.

The plaintiff is the duly appointed trustee of the property of which said Elizabeth is the beneficiary for life under said codicil, and holds as such trustee three hundred and eight shares of the capital stock of the

Union & New Haven Trust Co. *v.* Taintor.

Delaware, Lackawanna and Western Railroad Company of Pennsylvania.

The Lackawanna Railroad Company of New Jersey was incorporated for the purpose of constructing a railroad from the Delaware River to Hopatcong, in New Jersey. The Delaware, Lackawanna and Western Railroad Company purchased at par all of the stock of said Lackawanna Railroad Company, except such stock as was necessary for qualifying directors, and paid for the same out of its earnings. Subsequently the board of managers of the Delaware, Lackawanna and Western Railroad Company duly passed the following resolution: "Resolved, that an extra dividend of 35% on the capital stock of the company be and is hereby declared payable by the distribution of the stock of the Lackawanna Railroad Company of New Jersey, as recommended by the Executive Committee, payable on December 20, 1911. That the stock books be closed from December 1st to 12th, inclusive." Said Lackawanna Railroad Company of New Jersey has leased its railroad and property to said The Delaware, Lackawanna and Western Railroad Company, in perpetuity, and said lessee company has guaranteed and agreed to pay by way of rental, four per cent. per annum upon the capital stock of said Lackawanna Railroad Company of New Jersey.

The plaintiff, as trustee aforesaid, received as its part or share of said extra dividend a certificate for fifty-three shares of the capital stock of the said Lackawanna Railroad Company, and $90 in cash, the proceeds of sale of a fractional right.

The defendant Elizabeth Wakeman Dwight as life tenant claims such certificate and cash as part of the income, and the other defendants claim that the trustee should retain them as part of the principal of said trust fund, paying the income to Mrs. Dwight for life, and,

upon the termination of said trust, conveying the same to the defendants as part of the principal of said trust fund.

*John W. Bristol,* for the trustee.

*Joseph P. Howe* of New York, for Charles M. Taintor *et als.,* remaindermen.

*Leonard M. Daggett,* for Elizabeth Wakeman Dwight, life tenant.

GEORGE W. WHEELER, J.   Upon the admitted facts the Delaware, Lackawanna and Western Railroad Company purchased, with its earnings, certain stock of the Lackawanna Railroad Company which it held among its assets.  It declared a thirty-five per cent. dividend on its capital stock by distributing the stock of the Lackawanna Railroad Company so held by it to its stockholders.  The stock thus distributed ceased to be a part of the surplus assets of the Delaware, Lackawanna and Western Railroad Company, and passed from its control and ownership.  Such a dividend has all of the characteristics of a cash dividend.  The fact that the distribution was made of the stock held as an asset, rather than in cash procured from its sale, does not affect its character.  Cash dividends include all distributions of surplus assets, whether in the form of cash or property, taken from the body of the assets to become the property of the shareholders.  *Bishop* v. *Bishop,* 81 Conn. 509, 527, 71 Atl. 583; *Green* v. *Bissell,* 79 Conn. 547, 551, 65 Atl. 1056.

The rule that, save in exceptional cases, cash dividends are regarded as income and pass to the life tenant, while stock dividends—that is, an issue by a corporation of new shares of its own stock to its shareholders—are

treated as capital and pass to the remainderman, is the settled doctrine of this jurisdiction. Usually the payment of a stock dividend is made by the transfer of surplus assets to capital, while the cash dividend is made by either the transfer to the stockholder of surplus assets, or their conversion into cash and distribution pro. rata among the stockholders. *Smith* v. *Dana*, 77 Conn. 543, 60 Atl. 117; *Stamford Trust Co.* v. *Yale &* *Towne Mfg. Co.*, 83 Conn. 43, 49, 75 Atl. 90; *Boardman* v. *Mansfield*, 79 Conn. 634, 640, 66 Atl. 169. Under our rule, the dividend of the Lackawanna stock was a cash dividend, and passed to the life tenant, Mrs. Dwight.

The burden was upon the remaindermen to show that in this instance the operation of the rule took from the capital its rightful due, and this burden they have signally failed to meet. The remaindermen attempt to except this case from the application of our rule. They assert in their brief that the Lackawanna Railroad Company changed the main line of the Delaware, Lackawanna and Western Railroad by a short cut, thus diverting traffic from the old line of the Delaware, Lackawanna and Western Railroad and presumably decreasing its value, and to this extent the new road takes the place of the old; that the Delaware, Lackawanna and Western Railroad Company took its surplus earnings, which were represented by its stock, and capitalized them into a roadbed, rails, and rolling stock in place of its old roadbed represented by its stock, and thereby presumably increased the value of the Delaware, Lackawanna and Western stock, and that the stock of both roads represent merely the actual value of the old road before it built the Lackawanna with its earnings.

We have no occasion to consider rights arising out of a situation of this character, since all of this argument

rests upon a set of facts wholly outside the record. So far as that speaks, each corporation existed independently of the other, and the Delaware, Lackawanna and Western Railroad Company purchased the Lackawanna stock as an investment, and held it among its surplus assets. Nor does the record disclose the physical relation of the new road to the old.

The suggestion that the surplus earnings of the old road were represented by its capital stock is not in accord with our law. Capital may not be impaired by distribution to shareholders; surplus may be. *Smith* v. *Dana,* 77 Conn. 543, 552, 60 Atl. 117; *Stamford Trust Co.* v. *Yale & Towne Mfg. Co.,* 83 Conn. 43, 49, 75 Atl. 90.

The remaindermen argue that the real transaction underlying the acquisition of this stock, the lease of the railroad, and the dividend vote was the incurring of a perpetual obligation of the Delaware, Lackawanna and Western Railroad Company to pay four per cent. to the Lackawanna for the use of the short cut, and that this guarantee imposed upon the stock of the Delaware, Lackawanna and Western Railroad Company a liability to the extent of the rental guaranteed. So they contend this case is on a parity with *Bishop* v. *Bishop,* 81 Conn. 509, 70 Atl. 583.

The essential difference between that case and this, is that in *Bishop* v. *Bishop* the dividend was by the distribution of bonds, secured by assets of the Adams Express Company set apart for their payment, but that the company directly assumed as a liability the payment of these bonds. In this case, the stock was purchased and upon its distribution as a dividend no liability to the Delaware, Lackawanna and Western Railroad Company of any description arose. There the shareholder received by the distribution an obligation of the company; here the shareholder received a part of the

assets. In order to find a similarity between that case and this, there arose the necessity for assuming that the four per cent. guaranty was a liability incurred as a result of the distribution of the stock, and that assumption compelled the assumption of facts outside the record.

The further contention, that the character of the assets, by their investment in permanent works, improvements, or extensions, became such that, as between owners of successive stock interests, they ought to be regarded as capital, and in fact cannot be disassociated from the rest of the working capital, relies upon a condition not supported by the finding. Moreover, if the facts supported the argument, it would appear to have been disposed of adversely to the remaindermen by *Smith* v. *Dana*, 77 Conn. 543, 60 Atl. 117, where the facts upon which the remaindermen relied to show that the distribution was of capital were very much more persuasive and potent than any the remaindermen mistakenly claim to exist in this case.

The claim that General Statutes, § 377, controls this case and makes imperative the distribution of this stock as capital, is entirely without merit.

The Superior Court is advised to render its judgment that the fifty-three shares of stock of the Lackawanna Railroad Company of New Jersey and the $90 cash, referred to in the complaint and now in the hands of the plaintiff trustee, is income of the trust fund and belongs to, and should be paid over and transferred to, the defendant Elizabeth Wakeman Dwight, as part of the income of said trust fund to which she is entitled under the said will and codicils referred to in the complaint.

In this opinion the other judges concurred.