H. L. HUMPHREY ET AL. v. J. A. LANG, EXECUTOR OF W. M. LANG, ET ALS.

(Filed 13 October, 1915.)

**Wills—Interpretation—Corporations—Large Dividends—Time Certificates—Income—Stock Dividends.**

A devise for life of all revenue from certain corporate stock includes such dividends as may be declared after the death of the testator, though unusually large, and earned by the corporation for a long period of time antedating his death; and where the shareholders are given the privilege of taking the dividend in new stock or a time certificate of deposit, and the executor of the deceased has chosen and received the time certificate, this certificate is regarded as a dividend upon the stock, which goes to the life tenant as income therefrom.

APPEAL by plaintiffs from *Connor, J.,* at the May Term, 1915, of PITT.

Civil action to determine the rights of Annie R. Lang, the widow, and the other devisees of W. M. Lang, under item three of his will, which reads as follows:

"Third. I give and devise to my wife, Annie Lang, the horse, buggy, trap, and harness I may have on hand at my death; one milk cow, one house and lot, and furniture, situated on Main and Church streets in the town of Farmville; all revenue from the Bank of Farmville, the Bank of Greenville, and the Farmville Oil and Fertilizer Company;

the Freeman Ellis lot on the Norfolk Southern Railroad; one lot on Moore's land, and four hundred dollars in Farmville bonds."

The cause was heard at May Term, 1915, Superior Court of Pitt County, by *Connor, J.,* upon agreed facts:

The Bank of Farmville having determined to increase its capital stock, did, on 30 March, 1915, declare a dividend of a fraction over one hundred per cent, and that said dividend accruing to the stock referred to in item three of said will aggregated $2,100, the stockholders having the privilege of taking the dividend either in new stock or a time certificate of deposit. Said dividends in the form of a certificate of deposit, was paid over to the defendants as executors of W. M. Lang, and is now in their hands as executors.

The court below adjudged that the defendant Annie R. Lang was the owner absolutely of all the property mentioned in item three of the will, except the stocks in the two banks and in the fertilizer company, and as to those, she was entitled to the dividends during her life.

The court further adjudged that the $2,100 dividend, declared by the Bank of Farmville, and paid to the executors in a certificate of deposit, was revenue or income, and not principal, and that said Annie R. Lang was entitled thereto. From the judgment rendered, plaintiffs appealed.

*J. L. Horton, James H. Pou for the plaintiffs.*
*Harding & Pierce for the defendants.*

BROWN, J. The ruling of the Superior Court must be sustained. The interpretation placed upon the will is manifestly correct, and the only assignment of error we need discuss relates to the $2,100 dividend of the Bank of Farmville.

This question has been much discussed by text-writers and courts, and the weight of authority seems to be in favor of the proposition, as stated by the Supreme Court of the United States in *Gibbons v. Mahon,* 137 U. S., 559: "Ordinarily, a dividend declared in stock is to be deemed *capital,* and a dividend in *money* is to be deemed income of each share."

A stock dividend differs materially from a cash dividend. The former takes nothing from the property of the corporation and adds nothing to the interests of the shareholders. Its property is not diminished and their interests are not increased. Whereas a cash dividend declared on the then existing capital stock subtracts so much from the treasury of the corporation and transfers it to the pockets of the stockholders.

This is the view expressed by us in *Trust Co. v. Mason,* 152 N. C., 660. Accumulated earnings of a corporation remain its property until

distributed, and until then remain liable for its debts and are under its control. They do not become the property of stockholders until distributed by the corporation. When so distributed, they become the property of stockholders, and not until then.

If distributed exclusively in the form of new or additional stock, they remain as capital, but if distributed in the form of cash or its equivalent, they are regarded as income, and belong to the life tenant. This is the consensus of judicial opinion in England, as well as in the United States.

In *Paris v. Paris,* 10 Ves., 185, an extra dividend was declared by a bank from the profits of the previous years. *Lord Eldon* held that it was income, and went to the life tenant, and said it made no difference whether the dividend was in money or in stock; that the distinction in the language of his lordship was "too thin." He cites and relies upon the case of *Brander v. Brander,* 4 Ves., 800.

In *Clayton v. Gresham,* 10 Ves., 288, the same rule was adopted in respect to an extraordinary dividend of profit made by a bank among its stockholders. *Lord Erskin* adopted the same rule in *Witts v. Steere,* 13 Ves., 362, although expressing some doubt as to its correctness.

In *Barclay v. Wainwright,* 14 Ves., 66, *Lord Eldon,* after reviewing the cases, decreed to the life tenant an extra dividend declared by the bank. The same ruling was followed in *Norris v. Harrison,* 2 Madd., 279. In *Hooper v. Rosseter,* McClel., 527, *Lord Chief Baron Alexander* said that it seemed clear from all the cases, from the first to the last, that wherever a division was made clearly and distinctly as a dividend only, the life tenant was to have it.

In *Price v. Anderson,* 15 Sim., 473, an increased dividend made by an insurance company was held to be income. The *Vice Chancellor* said that as the company had declared the dividend, as a dividend, he held that it belonged to the tenant for life.

In the case of *Hopkins' Trusts,* 18 Equity Cases, L. R., 1874, a holder of shares in an insurance company bequeathed his personal estate to trustees in trust for his wife for life, the dividends and income thereof to go to her, with the remainder over. An extraordinary dividend was declared on the shares from accumulations of five years previous to his death; held that these dividends were income and belonged to the tenant for life.

In that case it was said that the testator, who was well acquainted with the value of the shares and the condition of the company, as he had held the shares for many years, when he gave to his wife the dividends and income must have intended her to have all the dividends from the same, whatever they might be.

In *Brown v. Collins,* L. R., 12 Equity, 586, it is held that dividends in a public company, earned before but declared after the testator's

death, are income and not capital. To the same effect is *Bates v. Mc-Kinley,* 31 Beaver, 280; *Jones v. Ogle,* L. R., 8 Chancery, 192; *Mac-Laren v. Stainton,* 27 Beaver, 460; *Preston v. Melville,* 16 Sim., 163.

In this case a large bonus on bank stock was held to belong to the life tenant. It is admitted that the company might have capitalized its profits by issuing additional shares, but having declared it as a dividend, it remained income. See, also, *Straker v. Wilson,* L. R. 6, Ch. 503; *Ibbotson v. Elam,* L. R., 1st Equity, 188.

Coming to the United States, we find that the courts of this country have very generally held with the English rule. Where the dividend is declared as a dividend, and in cash or its equivalent, it is to be regarded as income, and is not capital.

In *Minot v. Payne,* 99 Mass., 108, it is said: "A simple rule is to regard *cash* dividends, however large, as income, and *stock* dividends, however made, as capital." This rule is more in conformity with the decisions of the courts so far as the subject has been discussed. In this case many of the English cases have been cited and reviewed.

A leading cae on the subject is *Richardson v. Richardson,* 46 American Reports, 430. In this case the Supreme Court of Maine says: "The decided preponderance of authority probably concedes the point that dividends of stock go to the capital, under all ordinary circumstances. But we are well convinced that the general rule deducible from the latest and wisest decisions declares all money dividends to be profits and income, belonging to the life tenant, including not only the usual annual dividend, but all extra dividends or bonuses payable in cash from the earnings of the company. We are satisfied that this can be the only safe, sound, just and practicable rule, and that any attempt to engraft refined and nice distinctions upon such rule will be productive of much more evil than any good that can come from it."

In that case it is adjudged that the life tenant be entitled to the dividend, "irrespective of its source, amount, or the length of time in which it was earned." To the same effect is *Millen v. Guerrand,* 67 Ga., 284; *Rand v. Hubbel,* 115 Mass., 461.

In *DeKoven v. DeKoven,* 205 Ill., 309, it is held that money earned by a corporation during a stockholder's lifetime, but not distributed as dividends until after his death, is income, and goes to the life tenant under his will, and not to a remainderman, although the dividend amounts to 20 per cent of the face value of the stock.

In *Gilkie v. Payne,* 80 Me., 319, the case of *Richardson v. Richardson, supra,* is cited and approved and followed.

In the case of *James P. Kernochan's executors* it is held that the widow, a life tenant, was entitled to the whole of an extra dividend declared after the death of the testator, although made from net earnings

accumulated before that time; that, whenever earned, they were not profits until so declared. 104 N. Y., 619. The subject is very elaborately discussed in that case by *Mr. Justice Danforth.* See, also, *Kaufman v. Charlottesville Mills,* 93 Va., 673.

In *Greene v. Bissell,* 79 Conn., 547, it is held that cash dividends are regarded as income, passing to the life tenant, and stock dividends as capital, inuring to the remainderman. In 40 Cyc., 1880, it is said: "That the distinction between profits which have accumulated before the testator's death, but which have not been divided, and those subsequently accruing, has sometimes been discarded, it being held that all cash dividends declared from the profits go to the person entitled to the income, regardless of the time when they were earned or the size of the dividend by which they were sought to be distributed." A large number of authorities are cited in support of the text. The very same expression in almost the same words is to be found in Gardner on Wills, page 489, together with a copious citation of cases in the notes.

The fact that the dividend declared by the Bank of Farmville was payable in stock or in cash at the option of the stockholder makes no difference. The identical point is decided in *Holbrook v. Holbrook,* 74 N. H., 201, in which it is held that "An extra dividend by a corporation out of profits, which may be taken in cash or applied in payment of an increase of stock to which the stockholder is entitled to subscribe, is a cash dividend."

In the case of *Davis v. Jackson,* 152 Mass., 58, it is held that a dividend of $25 on each share of stock, with the privilege to each stockholder to take an additional share of stock for every four shares held by him instead of receiving his dividend in cash, is a cash dividend, and a dividend so declared is not a stock dividend, but must be treated as income, to which the life tenant is entitled. In the note to that case, 23 Amer. State Reports, 804, it is said by the author that the weight of authority is that dividends derived from the earnings of the company, no matter when such earnings were made, belong to the life tenant.

The fact that the dividend was declared payable in a certificate of deposit is immaterial. That is substantially a cash dividend, to be credited to the stockholder upon the books of the company, and is no longer the property of the bank.

We might, in discussing this matter, cite a great many other authorities, but we think that we have demonstrated sufficiently that the great weight of authority fully sustains the correctness of his Honor's judgment.

The judgment of the Superior Court is .

Affirmed.