10496

STATE v. CITY OF COLUMBIA.

(104 S. E. 337.)

1. TAXATION—MUNICIPAL THEATER "USED EXCLUSIVELY FOR PUBLIC PURPOSES" WITHIN EXEMPTION CLAUSE OF CONSTITUTION.—Theater in city hall owned by city and let by it to private parties for theatrical and musical performances, for which an admission fee was charged, and also used for public gatherings of a religious, educational, social, or political nature, free of charge, except the actual cost of opening, heating, and lighting, *held* "used exclusively for public purposes," within Const., art. X, sec. 4, exempting from taxation all municipal property so used.

2. TAXATION—EXEMPTION OF PRIVATE PROPERTY STRICTLY, AND EXEMPTIONS OF MUNICIPAL PROPERTY LIBERALLY, CONSTRUED.—Exemptions of private property from taxation are strictly construed, but exemptions of property of municipal corporations are liberally construed.

3. TAXATION—CITY'S THEATER EXEMPT FROM TAXATION THOUGH INCIDENTALLY SOURCE OF REVENUE.—Theater in city hall owned by city and used exclusively for public purposes within Const., art. X, sec. 4, exempting from taxation municipal property so used, *held* not taxable, though it was a source of some incidental revenue through being let to private persons for theatrical and other representations for which an admission fee was charged.

Before MOORE, J., Richland, Fall term, 1919. Reversed.

---

NOTE.—Authorities discussing the question of taxation of public property from which an income is derived are collated in a note in L. R. A. 1915a, 1118.

Action by the State against the City of Columbia to recover taxes on certain property belonging to the city. From judgment for plaintiff, the defendant appeals.

*Messrs. C. S. Monteith* and *W. C. McLain,* for appellant, cite: *Municipal property is not subject to taxation as there is no law taxing same:* 30 N. J. Eq. 667; 84 Va. 906; 63 S. C. 70; 20 S. C. 118; 117 U. S. 152; 29 L. Ed. 845; 13 Rich. Eq. 56; Cooley Taxation (3d Ed.) 262-263, 546; Const. 1895, art. X, sec. 3; art. X, sec. 5; art. VIII, sec. 6; 108 S. C. 244; 89 S. C. 511; 1 Civ. Code 1912, secs. 287, 293, 288, 295, 340; Dillon Mun. Corp. (5th Ed.), sec. 1396; 148 N. Y. 310; 80 S. E. 689; 81 S. E. 69; 62 S. C. 38. *Property exempt as it is being used for public purposes:* 12 S. C. 370; Dillon Mun. Corp. (5th Ed.), sec. 1397; 44 S. C. 319; 77 Me. 530; 81 S. E. 69; 80 S. E. 589; 43 S. C. 547; 73 S. C. 83; 89 S. C. 511; Const. 1895, art. X, sec. 4; 1 Civ. Code 1912, secs. 294-473.

*Mr. Sam'l M. Wolf, Attorney General,* and *Morris C. Lumpkin, Assistant Attorney General,* for the State, cite: *Provisions governing taxation:* 1 Civ. Code 1912, secs. 287, 294; Const. 1895, art. X, sec. 4. *Property of municipality not exempt as such, but only where used for public purposes and not for revenue:* Cooley Taxation, 266-267. *Use here was not for public purposes exclusively:* 69 Tenn. 253; 14 S. W. 802; 124 Ill. 636; 17 N. E. 56; 47 S. W. 865; 50 N. E. 201; 113 N. Y. 645; 26 N. E. 431; 81 Vt. 153; 69 Atl. 667. *Use of theater by public was by permission of lessee and not such public use as would exempt it from taxation:* 68 N. Y. 552.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The question is whether the Columbia Theater is exempt from taxation under the following provision of the Constitution (art. X, sec. 4) :

"There shall be exempted from taxation all county, township and municipal property used exclusively for public purposes and not for revenue."

The statute (subdivision 12, section 294, volume I, Civil Code) follows substantially the verbiage of the Constitution and exempts: "All city, town and village halls owned and used exclusively for public purposes, and not for revenue, by any city, town or village."

The city hall of Columbia contains many rooms and apartments which are used as offices by the officers and employees of the city. It contains also what is known as the City Opera House, or Columbia Theater. The city council has always leased the theater to private persons, who have procured theatrical, musical, and other entertainments, to which the public have been admitted on payment of reasonable charges. The city council has always exercised the right of supervision, so as to prevent any exhibition or performance against good morals, and also the right to use the auditorium for public gatherings of a religious, charitable, educational, industrial, social or political nature; and it has been so used on many such occasions without charge, except the actual cost of opening, heating, and lighting it. The record of the city council shows that the theater was built in the city hall, because private capital could not be induced to build one; and, from the foundation of the city, there has been no other place in the city where such public entertainments could be given, or such public gatherings be held.

An effort was made, in 1895, to collect taxes on the theater, but it was enjoined by this Court, on the ground that there was no authority of law to collect the taxes by a sale of the fee in the whole property, a part of which was admittedly exempt from taxation because used exclusively for

public purposes. *City of Columbia v. Tindall,* 43 S. C. 547, 22 S. E. 341. Thereafter, in 1896, a statute was enacted (which is now section 473, vol. I, Civil Code), which provides that, when taxes accrue on any property of a municipal corporation by reason of the same, or some portion thereof, not having been "used exclusively for public purposes, and not for revenue," the use and occupancy of such portions thereof may be sold to enforce the payment of such taxes. The statute only provides a remedy for the collection of such taxes, if collectible. It does not attempt to determine the meaning of the words of the Constitution which it quotes, for the obvious reason that that is a judicial question.

The State does not and cannot well contend that the city hall has not been used exclusively for public purposes. Good theatrical and musical performances educate, enlighten, and afford pleasurable entertainment to the people, which makes them better citizens. The authorities generally agree that the providing of public parks and playgrounds is a public purpose for which public funds may be expended. In *Irvine v. Greenwood,* 89 S. C. 511, 521, 72 S. E. 228, 231 (36 L. R. A. [N. S.] 363), we read: "The interest of the State is no less vital that these boys and girls should have a place for development of body and spirit by out-of-door sport than its interest that they should have the public school as a place for mental training. Indeed, it is not to be doubted that arrested and abnormal development of men and women which results in the great burden of crime borne by society is due largely to the lack of parks and playgrounds, where the joy of activity in the fresh air may be found."

See, also, *Haithcock v. Columbia,* 115 S. C. 29, 104 S. E. 335.

We see no reason to differentiate the providing of a place where public entertainments may be given and public gatherings be held for the benefit of adults, who are only "children

of a' larger growth." The question was incidentally involved and decided in *Jones v. Camden*, 44 S. C. 319, 23 S. E. 141, 51 Am. St. Rep. 819, where it was held that the fact that the "town hall" contains a store and an "opera house," from the rentals of which some revenue was derived, did not deprive the building of its character as a public building, erected and used for municipal purposes. We have no difficulty, therefore, in reaching the conclusion that the city hall has been "used exclusively for public purposes," which satisfies the first member of the phrase quoted from the Constitution.

The interpretation of the words of the second member, "and not for revenue," is more difficult. The provision, taken as a whole, clearly imports the intention that, in some circumstances, such property is taxable. But the circumstances are not clearly or precisely stated or defined.

Incidentally the question arises whether the provision should be construed liberally in favor of exemption, or strictly against it. The general rule is that exemptions of private property are strictly construed, because in such cases taxation is the rule and exemption the exception; but exemptions of the property of municipal corporations are liberally construed, for exemptions of such property is the rule and taxation the exception. With us municipal corporations are merely agencies of the State for governmental purposes; and it has never been the policy of this State to tax its own agencies or instrumentalities of government. From which we conclude that the provision should be construed liberally in favor of the exemption claimed.

We think the words "and not for revenue" were added to balance or contrast the nature of the two main uses of such property, to wit, for public purposes and for revenue. If the property is used exclusively for public purposes, it is not taxable, even though it may be a source of some revenue, which is derived incidentally .

in carrying out the public purpose. The theater was not built, nor has it been used, for the purposes of raising revenue, but to fill a public need. The leasing of it was merely an expedient way of giving effect to the purpose, and the revenue merely an incident of it.

The taxes sued for accrued from 1906 to 1914, inclusive. The total gross income from the theater, for the 10 years from 1904 to 1914, inclusive, was $20,433, while the expenditure for the upkeep of the building during the same period was $41,263, of which amount at least $2,500 per annum was spent for insurance and repairs on the theater itself; hence during that period the theater was a loss, instead of being a source of revenue. Certainly, therefore, it cannot be said that it was used for revenue. But the amount of revenue, whether more or less than the cost of maintenance, would not alter the nature or purpose of the use by which the right of exemption is to be tested. Here the use was exclusively public, and the purpose in view was not revenue. Therefore the property is exempt.

Judgment reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur.

MR. JUSTICE FRASER. I dissent. The language of the Constitution is "used exclusively for public use." If the language had been "used exclusively for private use," the construction placed upon it by the majority of this Court would be proper. Parks and playgrounds are for public use, but the use is free to all. The $41,000 expended would have been expended if the whole building had been used exclusively for the public use, and the $20,000 is profit. That is, it is a saving of $20,000, and $20,000 saved is $20,000 made. If these figures were reversed, and the receipts were $40,000 and expenditures $20,000, it would make no difference, for the word used is "revenue" and not "profit." The doctrine, it seems to me, is dangerous, and

there is no telling where it will lead. ˙The city may establish a public bathing pool.    May it charge a fee to all bathers and still be exempt?    Decidedly the most popular form of entertainment is found in the moving picture show and the baseball park.    If this be a public use, then the city can condemn land to provide a baseball park and a building used exclusively for games of baseball and moving picture shows. The State may authorize quasi public corporations to condemn land for public use.    Can a private corporation get a charter that will allow it to condemn land for a baseball park or a moving picture show?    I know "public use" is given a broad interpretation; but I do not think it is as broad as all this.    What about condemning a city lot for a grocery store?    It is very necessary for people to eat.    All business has a public use.

Liberal constructions are not allowed by our Constitution.    It seems to me that the city hall is not used exclusively for public use, and the city is not exempt.    Article X, section 1, provides for the taxation of all property, except such as may be exempt.    The exemption is found in section 4 of that article.    The exemption is of municipal property used exclusively for public purposes, and not for revenue. The occasional. use of the city hall for public purposes is immaterial.    The Constitution says "exclusively," and it seems to me that we must read that word out of the Constitution in order to exempt the city from this tax.    If the purpose of the members of the Constitutional Convention had been to tax opera houses from which the cities derived a revenue, they could not have made it much plainer.    More specific language is not appropriate to a Constitution.    I know of no other property to which it applies or can apply.

I agree with the appellant that the cases cited from this State do not apply to the question now before this Court. For instance, the case of *City of Columbia v. Tindal,* 43 S. C. 547, 22 S. E. 341, refers to the remedy and not the right.