STATE OF NORTH CAROLINA, EX REL. A. J. MAXWELL, COMMISSIONER
OF REVENUE, v. MARGARET H. TULL.

(Filed 22 November, 1939.)

**Taxation § 29—When corporation pays as dividend stock of another corporation, such dividend is equivalent to a cash dividend.**

> Plaintiff, owning stock in a foreign investment corporation, received as a dividend on such stock, stock of another foreign corporation. *Held:* The stock received as a dividend was taken from the surplus of the investment corporation and was equivalent to a cash dividend, and was taxable as income from stock in a foreign corporation under the provision of 311½ Revenue Act of 1935.

APPEAL by defendant from *Frizzelle, J.,* at Chambers, 9 October, 1939. From WAKE.

Petition for refund of alleged overpayment of income tax.

During the year 1935, the petitioner, Margaret H. Tull, was a resident of the State of North Carolina, and as such, duly filed her income tax return for that year. Thereafter, and within the time allowed by law, the petitioner filed claim for refund, alleging that she had made an overpayment of the tax rightfully due by her.

The facts are not in dispute. Petitioner owned certain stock in the Olympia Investment Corporation, a foreign corporation, and received as a dividend from said corporation during the taxable year in question, 520 shares of the stock of the Coca-Cola Company, another foreign corporation, which, at the time of its receipt, had a market value of $43,355; and in filing her return, this amount was included therein as "dividends from foreign corporations" and a tax of $2,601.30 paid thereon.

The Olympia Investment Corporation was not domesticated in North Carolina during the year 1935 and paid no tax to this State on any part of its income for that year.

The petitioner contended before the Commissioner of Revenue that no income tax was laid upon dividends from stock in foreign corporations by the Revenue Act of 1935, save and except as provided in section 311½ thereof, and that the stock in question did not come within the purview of this section.

The matter was heard by the Commissioner of Revenue on 28 June, 1939, and claim for refund denied. On appeal to the Superior Court of Wake County, the position of the Commissioner of Revenue was upheld. From this ruling, the petitioner appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Gregory for plaintiff, appellee.*

*Murray Allen for defendant, appellant.*

STACY, C. J. The pertinent clause in section 311½ of the Revenue Act of 1935 is, that "income from stock in foreign corporations, either in cash or stock dividends, . . . shall be subject to a tax of six per cent," etc.

It is the position of the petitioner that the Coca-Cola stock received by her from the Olympia Investment Corporation in 1935 was neither a "cash" dividend nor a "stock" dividend of the disbursing corporation, and that therefore it was not subject to tax under the above provision of the Revenue Act.

The respondent concedes that it was not a stock dividend, *Trust Co. v. Mason,* 152 N. C., 660, 68 S. E., 235, but contends that it has all the characteristics of a cash dividend, *Trust Co. v. Taintor,* 85 Conn., 452, 83 Atl., 697, and was in fact such a dividend. *Humphrey v. Lang,* 169 N. C., 601, 86 S. E., 526. Additionally, it is the position of the respondent that the words "either in cash or stock dividends," appearing in said section, were not intended to be restrictive, but were inserted therein to make clear the taxability of stock dividends, all other dividends being regarded as cash or its equivalent. *Morgan v. Wisconsin Tax Commission,* 195 Wis., 405, 217 N. W., 407, 61 A. L. R., 357.

We think the tax in question must be upheld as a tax on the "income from stock in foreign corporations." The Coca-Cola stock was taken from the surplus assets of the Olympia Investment Corporation and immediately became the property of the petitioner. This was the equivalent of a cash dividend and in legal parlance is so classified. 11 C. J., 22. "Cash dividends include all distributions of surplus assets, whether in the form of cash or property, taken from the body of the assets to become the property of the shareholders." *Trust Co. v. Taintor, supra.*

The correct result seems to have been reached.

Affirmed.