## 16540

### WILSON v. SOUTH CAROLINA TAX COMMISSION
(Two Cases)

(66 S. E. (2d) 698)

172

*Messrs. Williams & Parler,* of Lancaster, *for Appellant,*

*Messrs. T. C. Callison,* Attorney General, and *Claude K. Wingate,* Assistant Attorney General, of Columbia, *for Respondent,*

September 17, 1951.

STUKES, Justice.

J. S. Wilson and E. C. Wilson, father and son, are the owners in equal amounts of the shares of Wilson Gas & Oil Company, a corporation, which is engaged in the wholesale and retail sale and distribution of petroleum products. It owned considerable real estate which consisted of filling stations and sites, etc. In order to insulate this property from liability for damages incurred in the operation of the business, the Wilsons formed another corporation, "Wilson's, Incorporated." The old corporation conveyed to the new the

most or all of the real estate and the shares of the new corporation were issued to the individual Wilsons separately and in the same, equal proportions and without consideration.

The Tax Commission assessed additional personal income taxes against them upon the conception that the shares of stock in the new corporation which were issued to represent the value of the transferred real estate amounted to dividends from the old corporation. The individuals paid the additional income taxes under protest and separately brought the actions at bar for recovery, pursuant to the terms of section 2469 of the 1942 Code. This judgment will dispose of both cases.

The Tax Commission demurred to the complaints and the demurrers were sustained, whence the appeals. The ground of the decision of the lower court was that the value of the transferred real estate represented surplus of the old corporation and the issuance to the stockholders, without consideration, of shares in the new corporation was the equivalent of the payment of taxable dividends by the old corporation. The taxpayers vainly contended in the lower court that the organization of the new corporation and the conveyance, without consideration, of the real estate assets of the old to the new and the issuance of the shares of the latter to the taxpayers, who are the owners of all of the shares of both corporations, was a reorganization and falls within the proviso of section 2447 of the Code, which follows: "provided, however, that in a reorganization, consolidation or merger the exchange of stock or property for stock of a corporation a party to the reorganization, consolidation or merger shall not be deemed to result in gain or loss."

In addition to the facts first stated above, the complaints contain excerpts from the books of the old and new corporations from which it appears that the real estate which was transferred to Wilson's, Inc., constituted the book surplus of the old corporation in the amount of $55,288.97 which

was arrived at from the cost of the properties, aggregating $111,093.87, less outstanding debts thereon of $23,199.32 and less reserve for depreciation of the buildings, $32,605-.58. Apparently the net amount of this surplus is the sum assessed by the Commission against the Wilsons individually in separate, equal amounts as additional personal income. The appeals do not question the amount of the assessments but claim the invalidity of the whole.

Appellants assert in the brief that the issuance of the new stock to them is not taxable under the Federal income tax law, which is not challenged by respondent. However, the Federal and State income tax statutes are vitally different in this respect. The Federal Act expressly exempts gain derived from corporate reorganization and goes on to define "reorganization" in the Internal Revenue Code, sec. 112(g) (1), 26 U. S. C. A. § 112(g)(1), under which, or its equivalent, the Federal decisions which are relied upon by appellants appear to have been decided. Subsection (D) seems to expressly cover the situation of this case and to provide for exemption from tax liability of, quoting, "a transfer by a corporation of all or a part of its asets to another corporation if immediately after the transfer the transferor or its shareholders or both are in control of the corporation to which the assets are transferred." See footnote, 173 A. L. R. 943.

The State law, here applicable, is quite different because it contains no such definition of "reorganization" as does the Federal; and we are confined to the ordinary meaning of the proviso to our Code sec. 2447 quoted above and relied upon by appellants. Its other terms certainly do not encompass the transaction under review because it was not a consolidation or merger, nor did it involve the exchange by the stockholders of stock or property for stock of another corporation. The personal recipients of the stock gave nothing in exchange for the stock in the new corporation, which they received. The fair and ordinary

meaning of the word "reorganization" cannot, we think, include the formation of a new, separate and distinct corporation, without impairment of the corporate existence or function of the old corporation.

Appellants ingeniously argue to the fallacious conclusion that they are individually no better off financially than before; but they are, because they now personally own valuable shares of stock in the new corporation which they did not before. They now, in effect, own the former surplus of the old corporation which before was the property of it. Of course, the book (and real) value of appellants' shares in the old corporation has been reduced but that is the inevitable result of every payment of corporate dividends. The transaction under review amounted to a distribution of the accumulated profits or surplus of the old corporation, which is equivalent to the payment of dividends to the stockholders. It follows that the values of the new shares are properly taxable as income under the broad provisions of our law which are contained in Code sec. 2444, as follows: "The words 'gross income' mean the income of a taxpayer derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property, also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains, or profits, and income derived from any source whatsoever."

If the old corporation had transferred its real estate, which was its surplus, to appellants, or converted it into cash and paid it to them, they would not contend that it was not taxable income; and the practical result of that has been accomplished by the method followed. They possess, in the form of shares in the new corporation, the former surplus of the old corporation. Under these circumstances it is reasonable to hold it to be taxable income, as the respondent and the

trial court did. It comes within the definition approved in *Southern Weaving Co. v. Query*, 206 S. C. 307, 34 S. E. (2d) 51, 61, that income, as used in a tax statute is to be taken in its ordinary sense of gain or profit.

A great many decisions of the Federal tax and law courts are reported and reviewed in annotations in 68 L. Ed. 1001, 97 A. L. R. 1359 and 173 A. L. R. 912; but little help is derivable from them because they were concerned with peculiar provisions of the Federal income tax law, to which reference has been made and which are not contained in our law. A few State decisions from Massachusetts and New York are found in the annotation in '78 A. L. R. 677. See also, *Vale v. DuPont*, 7 W. W. Harr., Del., 254, 182 A. 668, 103 A. L. R. 946. These State cases appear to have all resulted in tax liability upon the stockholders, as here, because the State statutes there involved, also as here, did not contain the definitions, which appear to amount to exemptions from liability, which are found in the cited Federal statute. The court so remarked in *People ex rel. Neisel v. Gilchrist*, 1927, 219 App. Div. 650, 220 N. Y. S. 565, appeal dismissed in, 1927, 246 N. Y. 541, 159 N. E. 643.

However, the Federal authorities hold that distribution of profits to stockholders in the form of shares in another corporation, under circumstances which do not fall within any of the definitions of "reorganization" in the Federal statute, are taxable as dividends. In *Commissioner v. Wakefield*, 6 Cir., 139 F. (2d) 280, 281, several decisions of the Supreme Court were cited for the following statement: "It is the case of distribution by a corporation of stock of another corporation, and this, if it represents earnings or surplus, is taxable as a dividend." That is also our case in a nutshell. Annotation, 61 A. L. R. 360. For a clear State decision on this point, see *Maxwell v. Tull*, 216 N. C. 500, 5 S. E. (2d) 546. Of course our very inclusive statute, quoted above, embraces corporate profits in whatever form distributed to stockholders.

: Before passage of the exemptive amendments to the Federal income tax law with respect· to gain or loss by stockholders in corporate·reorganizations, the ·Supreme Court decided *U. S. v. Phellis,* 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180, and *Rockefeller v. U. S.,* 257 U. S. 176, 42 S. Ct. 68, 69, 66 L. Ed. 186, which are directly in point and are plainly and conclusively against the contentions of the appellants in the instant case. The action of Rockefeller was decided along with *New York Trust Co. v. Edwards* because they arose from parallel facts which were strikingly similar to the facts here presented. Because of former decisions of the court which subjected their pipe line business to regulation by the Interstate Commerce Commission as common carriers, two oil companies formed new corporations which took over their respective pipe lines and conducted their transportation businesses, which they capitalized from their corporate surpluses. One of the new corporations issued its capital stock to the founding company which distributed it ratably to its stockholders. In the case of the other, the new stock was delivered directly to the stockholders of the parent company, exactly as in the case in hand. The court treated the transactions as the same, and said: "In each case the consideration moved from the oil company in its corporate capacity; the new company's stock issued in exchange for it was distributed among the oil company's stockholders in their individual capacity, and was a substantial fruit of their ownership of stock in the oil company, in effect a dividend out of the accumulated surplus." The court held, as we do here, that the value of the new stock was taxable as income to the stockholder and concluded its opinion as follows: "It was in substance and effect, not merely in form, a dividend of profits by the corporation, and individual income to the stockholder." The decisions just discussed are reviewed in an annotation in 33 A. L. R., at page 524.

What has been said requires that the exceptions on appeal be overruled. It is fair to state that nothing in the record

indicates that appellants formed their new corporation in an effort to evade, or even avoid, income tax liability.

The order sustaining the demurrers is affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.