16787

HENRY P. MOSES CO. v. SOUTH CAROLINA TAX COMMISSION
(78 S. E. (2d) 187)

*Messrs. T. C. Callison, Attorney General,* and *Claude K. Wingate, Assistant Attorney General,* of Columbia, *for Appellant.*

*Mr. Marion Moise,* of Sumter, *for Respondent,* ▇▇▇▇▇

*Messrs. T. C. Callison, Attorney General,* and *Claude K. Wingate, Assistant Attorney General, for Appellant, in Reply.*

October 12, 1953.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Sumter County to recover from appellant the sum of $1,110.48 which has been paid under protest.

The matter was referred to a special referee who recommended that the tax with interest collected by appellant be refunded. Exceptions were duly taken but were overruled by the Court of Common Pleas and the recommendation of the Master was adopted as the judgment of the Court in an Order dated February 9, 1953.

The Henry P. Moses Company, respondent here, was incorporated in the year 1918 by Herbert A. Moses and Henry P. Moses, brothers, of Sumter, South Carolina, for the general purpose of carrying on a real estate and insurance business, these two brothers being the only officers and stockholders of the corporation.

In the year 1941, the same brothers organized the H. P. Moses Housing Company, Inc., with a capital stock of ten shares, eight of which were issued to the respondent, Henry P. Moses Company and one each to Henry P. Moses and Herbert A. Moses. The officers and stockholders of the two companies were identical.

During the year 1945, Henry P. Moses died and Mr. Herbert A. Moses became president of both Henry P. Moses

Company and H. P. Moses Housing Company, Inc. At this time Mr. Robert A. Moses, one of the sons of Henry P. Moses, was in the service and was discharged from the service in the fall of 1945. The stock of Mr. Henry P. Moses in both the Henry P. Moses Company and the H. P. Moses Housing Company, Inc., was owned by his estate, of which Mr. Herbert A. Moses was one of the trustees and Mr. Moses' widow the other. After their discharge from the service, two of Mr. Henry P. Moses' sons, Mr. Robert A. Moses and Mr. Richard Moses, became connected with the two businesses. Mr. Robert A. Moses subsequently acquired stock in the two corporations and the officers of the two corporations then consisted of Herbert A. Moses, President and Treasurer, Robert A. Moses, Vice President, and Miss Mamie Edmunds, an employee, Secretary. The officers and stockholders of the two corporations were identical and both businesses were operated from the same office at 122 South Main Street, Sumter, South Carolina.

In 1949, the Henry P. Moses Company acquired the two outstanding shares of the H. P. Moses Housing Company, Inc., and all assets of the H. P. Moses Housing Company, Inc., were transferred to the Henry P. Moses Company and the stock of the H. P. Moses Housing Company, Inc., was cancelled and the corporation dissolved. In entering this item in the Henry P. Moses Company's tax return, the sum of $23,958.99 appears as "Liquidating Dividend" and it is the tax assessed upon this item around which the controversy revolves, it being the position of respondent that such transaction was a reorganization, merger or consolidation and therefore not subject to tax while appellant takes the position that the H. P. Moses Housing Company, Inc., was liquidated and that this item represents profits accruing therefrom to the parent company, the Henry P. Moses Company, and therefore subject to tax.

The Sections of the 1952 Code of Laws for South Carolina involved appear as follows:

Section 65-275. "In a reorganization, consolidation or merger the exchange of stock or property for stock of a corporation a party to the reorganization, consolidation or merger shall not be deemed to result in gain or loss."

Section 65-276. "When in connection with the organization, merger or consolidation of a corporation a stockholder receives, in place of stock or securities owned by him, new stock or securities, the basis for computing the gain or loss, if any, shall be, in case the stock or securities owned were acquired before January 1, 1921, the fair market price or value thereof as of that date and in all other cases the cost thereof."

Section 65-277. "The final distribution to the taxpayer of the assets of a corporation shall be treated as a sale of the stock or securities of the corporation owned by him and the gain or loss shall be computed accordingly."

The many fine distinctions appearing in the cases from other jurisdictions on reorganization, consolidation or merger as distinguished from liquidation are sometimes difficult to reconcile. However, in *Wilson v. South Carolina Tax Commission,* 220 S. C. 171, 66 S. E. (2d) 698, 700, our statute on reorganization, consolidation or merger was construed and points out some of the differences that exist between the Federal and State Laws and states in part:

"However, the Federal authorities hold that distribution of profits to stockholders in the form of shares in another corporation, under circumstances which do not fall within any of the definitions of 'reorganization' in the Federal statute, are taxable as dividends. In *Commissioner v. Wakefield,* 6 Cir., 139 F. (2d) 280, 281, several decisions of the Supreme Court were cited for the following statement: 'It is the case of distribution by a corporation of stock of another corporation, and this, if it represents earnings or surplus, is taxable as a dividend.' That is also our case in a nutshell. Annotation. 61 A. L. R. 360. For a clear State decision on this point, see *Maxwell v. Tull,* 216 N. C. 500, 5 S. E. (2d) 546. Of course our very inclusive statute,

quoted above, embraces corporate profits in whatever form distributed to stockholders."

The case of *Carolina, C. & O. Ry. of South Carolina v. South Carolina Tax Commission,* 197 S. C. 529, 15 S. E. (2d) 764, 766, recognizes a separate corporate existence of a wholly owned subsidiary corporation as distinguished from its parent corporation, for the purpose of income taxation; and in *Gable v. South Carolina Tax Commission,* 189 S. C. 346, 1 S. E. (2d) 244, this Court held that dividends of a corporation in liquidation are taxable to the stockholders so far as they exceed the cost basis of the stock and not returns of capital.

In the instant case the testimony reveals that it was the intention of respondent and his accountant to accomplish a reorganization, merger or consolidation rather than a liquidation. However, the final return for the H. P. Moses Housing Company, Inc., had been filed and denominated as such and the item in question entered in the return of the Henry P. Moses Company as a "Liquidating Dividend" represented the profits of the H. P. Moses Housing Company, Inc.

The auditor who handled the transaction testified:

"Q. That was to take care of the difference between the assets of Henry P. Moses Company prior to the consolidation and the amount that they had subsequent to it, is that correct? A. It was the difference between the cost of the stock of the H. P. Moses Housing Company to the parent corporation, and the value of the assets of that corporation at the time of the liquidation."

The witness further testified that he would have used the term "Liquidating Dividend" whether the transaction be termed a liquidation or a merger but stated in response to inquiry by counsel: "The one I just expressed, that it represents the excess of the assets of wholly owned subsidiary over the cost to the parent."

Those who claim exemptions under the tax exemption statute must prove they come clearly within such exemptions. *State v. City of Columbia,* 115 S. C. 108, 104 S. E. 337.

In the instant case, the Henry P. Moses Company acquired title to all the profits of the H. P. Moses Housing Company, Inc., upon its dissolution and we are of the opinion that under the facts and for the reasons heretofore stated that the transaction cannot be classed as a merger or consolidation but rather a liquidation and that the Henry P. Moses Company is liable for the tax upon such profits; that the Order appealed from should be reversed and it is so ordered.

BAKER, C. J., and STUKES and OXNER, JJ., concur.

FISHBURNE, J., not participating.