## *THE ATLANTIC COAST LINE DIVIDEND CASES.

*Right to Extra Stock Dividend as Between Life Tenant and Remaindermen.*

When the directors of a railway company pass a resolution declaring that the surplus net earnings of the company justify the payment to the holders of the capital stock of an extra dividend, and this is made payable partly in new shares of stock and partly in certificates of indebtedness, such shares and certificates are income and as such the property of a tenant for life of shares of stock in the company held under a deed of trust which directs the trustee to pay to the life tenant all the rents, issues, income and profits of the estate, with remainder after the life estate to other parties.

Appeals from the Circuit Court of Baltimore City (HARLAN, C. J., and DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Edwin G. Baetjer* (with whom were *Richard M. Venable* and *Chas. McH. Howard* on the brief), for the Safe Deposit and Trust Co., appellant.

Whether or not the extra dividend of 20 per cent is income

---

*The docket titles of these cases, which were argued together, are: The Safe Deposit and Trust Co. v. Margaret D. White et al; The Same v. Annie S. Long; The Same v. Gertrude W. Elder; The Same v. Eliza H. Cassard et al.; The Same v. Bertha White et al.

or *corpus* depends on whether or not this surplus is a real surplus, or at all events whether it includes the accumulated earnings equal to the par value of this extra dividend. An analysis of this surplus as taken from the company's reports contained in the record shows that the accumulated net earnings included in this surplus are insufficient by more than $4,000,000 to pay the extra dividends of 5 per cent and 20 per cent. It is contended on behalf of the life tenants that certain other items ought to be added to the earnings included or carried in this surplus account.

The appellant contends:

1. That the surplus net earnings of the railroad company for the period intervening between May 1st, 1900, the date of its formation, and December 30th, 1904, are not equal to the par value of the 20 per cent stock dividend.

2. That the resolutions of the company do not show an intention to treat this 20 per cent stock dividend as income; even if such intention were so manifested, it would not be conclusive as to the character of the dividend in this controversy.

In determining what portion of the assets of a corporation consist of accumulated income, a number of questions of more or less doubt may have to be solved. In solving these questions the determination of the company clearly made is conclusive; and the amount of such net or accumulated income so ascertained by the corporation is a material consideration in determining whether a stock dividend is, as between life tenants and remaindermen, *corpus* or income. When the amount of accumulated or surplus income is, however, an admitted or established fact, its judgment or determination, as to the character of the stock dividend declared, is immaterial. This is a question of the preservation of the integrity of the trust estate and between the life tenant and remaindermen, and over this question it can have no control. It can within limits decide what proportion of its own assets consist of income, but it has no power to decide whether a stock dividend is income or principal, nor can it, we submit, make any part of its assets, which are not in fact accumulated income, such by merely

calling it so.   To illustrate: Suppose a corporation has a capital of $10,000 and a surplus paid up in cash by the stockholders of $90,000, the value of the stock is $1,000 per share; the corporation may issue a stock dividend of 100 per cent, but its wish or determination as to the character of such dividend, whether it be income or *corpus*, or its determination that a part of such surplus, shall be considered income is quite immaterial.

. The questions of law involved in this case have been settled by the three following Maryland cases:   *Smith* v. *Hooper*, 95 Md. 30; *Quinn* v. *Safe Dep. & Tr. Co.*, 93 Md. 297; *Thomas* v. *Gregg*, 78 Md. 545.  It is a general rule, recognized in this and other States, that stock dividends are ordinarily treated, as capital, and not as income.  They are not in fact payments. The result is simply to divide the aggregate assets into a greater number of smaller units; the aggregate value of all is the same, and the rights of each stockholder remain unchanged.

The case of *Thomas* v. *Gregg* illustrates an exception and the extent of a possible exception to this rule.   We submit that this case is not within the rule of *Thomas* v. *Gregg*.

*Frank Gosnell* and *George Weems Williams* (with whom was *James W. McElroy* on the brief), for Margaret D. White and others, appellees.

*Surplus net earnings* may be defined to be gross earnings after deducting all operating expenses, repairs, taxes, interest on bonded indebtedness, other fixed charges and regular dividends.

We contend that there were ample and sufficient surplus net earnings of the company out of which to pay the stock dividend in question.   Only $7,300,000 were necessary for this purpose.

The fact that the board of directors of the company declared that there were earnings sufficient to justify the payment of a stock dividend of 20 per cent, is to be given great, if not conclusive, weight in deciding as to the sufficiency of the earn-

ings, for ordinarily it is well settled that the decision of the directors of a corporation, in declaring or refusing to declare a dividend, is conclusive in the absence of bad faith. They know the condition of the company better than any one else. It is their responsibility if a declaration of dividend is unlawful or unauthorized. Accordingly, it would seem to follow that, where the board declares that the earnings are sufficient for a declaration of a dividend payable in cash or stock, this should settle the matter in the absence of bad faith on the part of the board, or proof to the contrary of a very conclusive character.

In this case we have the action of the board and this action is sustained by the figures submitted.

2. A proper construction of the resolution passed by the directors, declaring the stock dividend and authorizing its payment, shows that the board intended that the same should represent the surplus net earnings of the company which had not theretofore been distributed among the stockholders.

In *Thomas* v. *Gregg*, 78 Md. 545, the resolutions did not recite that the stock dividend was to be paid out of the earnings. On the contrary, they stated what the earnings were and what disposition had been made of them (practically the same disposition as was made of the earnings by the Atlantic Coast Line Railroad Company, as shown by their reports), and then declared the stock dividend payable in common stock of the B. & O. This Court held in that case that, what the directors intended by their resolutions to do was to return to the stockholders the earnings which had been diverted to betterments, &c.

If the board in the case at bar did not intend that the 20 per cent stock dividend should represent the net earnings, why did the resolutions passed refer to the earnings and recite that they were sufficient to justify the payment of the stock dividend? For these reasons we assert that the board intended that the 20 per cent extra stock dividend should represent the net earnings which had been used for betterments, &c., and that the same should be returned to the stockholders in this way.

3. There being earnings sufficient to justify the payment of 20 per cent stock dividend, and the board intending that this dividend should represent the net earnings of the company which had not, prior to the declaration thereof, been distributed among the stockholders, the next question to discuss is, whether this 20 per cent extra stock dividend should be paid by the trustee to the appellees as life tenants, or be regarded as a part of the *corpus* of the trust estate.

We maintain that the 20 per cent extra stock dividend is "*income*," and, therefore, should be applied to the support of the life tenants. The question as to who is entitled to stock dividends as between life tenants and remaindermen, has frequently been submitted to judicial determination, and there is considerable diversity of opinion on the subject. The question has been settled in this State by the case of *Thomas* v. *Gregg*, 78 Md. 545, wherein the authorities were fully discussed. See *McLouth* v. *Hunt*, 154 N. Y. 179; 39 L. R. A. 237; *Pritchett* v. *Nashville Trust Co.*, 33 L. R. A. 856; *Lowry* v. *Farmers Loan Co.*, 172 N. Y. 141; notes to *Spooner* v. *Phillips*, 16 L. R. A. 461; *Hite* v. *Hite*, 19 L. R. A. 173.

*John Hinkley*, for Eliza H. Cassard, Annie S. Long and Gertrude W. Elder, appellees.

BRISCOE, J., delivered the opinion of the Court.

The single question presented on this appeal, is whether a 20 per cent stock dividend, declared by a resolution of the directors of the Atlantic Coast Line Railroad Company, a Virginia corporation, and payable in the common capital stock of the company, on the 20th day of January, 1905, shall be treated as "income," payable to the life tenants, or as principal, belonging to the appellant, as trustee under a deed from Moses H. Powder of Baltimore City, deceased.

The facts upon which the decision must rest are practically undisputed, and are set out in an agreed statement of facts contained in the record.

The trust created by the deed, under which the stock of

the railroad company was held, and upon which the dividend was declared, is as follows: "In trust so that Moses Hindes Powder, trustee herein named, shall and will receive, take and collect all the rents, issues, income, profits and interest of said property hereby conveyed, and from all investments or changes of investments of the same, made or to be made, as hereinafter provided for, and apply the same to the support and maintenance of Moses Hines Powder, and his wife and children during the lives of Moses Hindes Powder and his wife, and after the death of both of them the principal of said estate and all increase thereof to become the absolute property of their children, share and share alike, the children of any deceased child to take only their parents' share, that is, that share thereof to which, if living, the parents would be entitled."

Mr. Powder died in October, 1894, and the appellant, as substituted trustee, holds fifty-six shares of the stock of the Atlantic Coast Line Railroad Company, of the par value of one hundred dollars per share, belonging to the trust estate.

On the 20th of April, 1899, Mrs. Powder conveyed all her interest under the trust to one Sarah A. Danskin and she subsequently conveyed it to the appellees, Beryl D. Powder and Margaret D. White, who are the only life tenants of the trust property.

At a meeting of the board of directors of the company, held in Richmond, on November 15th, 1904, the following resolution was passed: "It is the opinion of the board that the surplus net earnings of this company are sufficient to justify the payment to the holders of the common capital stock of this company of a dividend of 20 per cent, payable in the common capital stock of this company, and to that end it is requested that the stockholders increase the capital stock of the company so that the same shall be $50,000,000, out of which the said dividend may be declared and paid."

Subsequently the stockholders of the company recommended the declaring of the dividend, and the board of directors of the company passed these resolutions.

"Resolved, That an extra dividend of 20 per cent, be and hereby is declared payable to the holders of the common capital stock of this company, of record January 2nd, 1905, and payable in the common capital stock of this company on and after the 20th day of January, A. D. 1905."

"Resolved, That an extra dividend of 5 per cent be, and the same is hereby, declared payable out of the surplus net earnings of this company to the holders of the common capital stock of this company, of record at the close of business on December 31st, 1904, and that this dividend shall be paid to the holders of said stock in the 4 per cent certificates of indebtedness of the Atlantic Coast Line Company held and owned by this company, which said surplus net earnings have been invested and shall be payable on and after the 20th day of January, A. D. 1905 ; said certificates of indebtedness shall be issued in the names of the holders of said common stock of this company of record at the close of business on December 31st, 1904."

It is admitted that the extra dividend of 5 per cent payable in certificates of indebtedness of the company, is income, and there is no appeal from that part of the decree directing them to be transferred to the life tenants.   It is also conceded, that the trust covers the period of the operations of the railroad company and "that since June 30th, 1900, no change has taken place in the persons, entitled to receive the income from the shares of stock, mentioned herein."

These are the undisputed facts in the case and are fully stated in the record.

Whatever may be the rule established by the Courts in other jurisdictions, and they are by no means in accord, it is well settled in this State, since the adjudication in *Thomas* v. *Gregg*, 78 Md. 545, and *Quinn* v. *Safe Deposit and Trust Company*, 93 Md. 285, that there are cases where stock dividends, such as the one now under consideration, should be held to be income and not capital.   The determination of the question depending "upon the substance and intent of the action of the corporation as manifested by its vote or resolution."

In other words, when a dividend based upon the earnings of a company is declared payable in stock and the company had the power of so distributing it, and this power was validly exercised, it is to be treated as income and not capital, and goes to the tenant for life.

Now, according to the resolution passed by the railroad company on the 15th of November, 1904, it was declared, that it is the opinion of the board that the surplus net earnings of the company are sufficient to justify the payment to the holders of the common capital stock of the company of a dividend of 20 per cent payable in the common stock of the company, and the capital stock was subsequently increased out of which the extra dividend of 20 per cent was payable.

Here there is an express and manifest declaration on the part of the company as to how and in what manner the distributions of the net earnings should be made, and the company having the power of distributing its profits as dividend or capital, its action therein is binding on all persons interested, and should not be controlled by the Courts.

The language of the deed of trust is quite clear, and there can be no question, that under its provisions, the dividends are payable to the appellees. It provides, that the trustee shall receive the rents, issues, income, profits and interest of the property, and all increase thereof, and apply the same    *    *. Obviously, the use of the terms "income," "profits," "interest" and "all increase of the property," is sufficient to control the dividend in this case. It is difficult to imagine what more appropriate terms could have been used by the grantor in the deed to have designated his intention. *Smith* v. *Hooper*, 95 Md. 16.

As we agree with the conclusion reached by the learned Judge of the Circuit Court of Baltimore City, that the stock dividend of twenty per cent, payable in stock, and the dividend of five per cent (5 %) payable in certificates declared by the railroad company, should be treated as income, and payable to the life tenants under the Powder trust, we shall affirm the

order appealed from, the costs to be paid out of the dividends so declared.

*Order affirmed, costs to be paid out of dividends.*

(Decided June 22nd, 1905.)

---

In the cases of *The Safe Deposit and Trust Co., Trustee*, v. *Annie S. Long*, and *The Same* v. *Gertrude W. Elder*, the questions were the same as that discussed in the foregoing opinion and the orders appealed against were affirmed for the reasons there given.

---

In *Safe Deposit and Trust Co.* v. *Bertha White et al.* BRISCOE, J., delivered the opinion of the Court.

This appeal involves a construction of that portion of the will of Henry James, late of Baltimore City, relating to the rights of the appellees, under section E of Clause three of the will. The language of the will is as follows: "In trust as to each part or division for the sole and separate use and benefit of my daughter to whom the same may have been by my trustees set apart and designated as hers for and during the term of her natural life, with remainder to her children."

The question, here, being the same as the one presented in the appeal of the *Safe Deposit and Trust Company of Baltimore* v. *Beryl D. Powder et al.* decided at this term, the order herein appealed from, will be affirmed for the reasons stated in that case.

*Order affirmed, the costs to be paid out of dividend.*

(Decided June 23rd, 1905.)

---

In *Safe Deposit and Trust Co., Trustee*, v. *Eliza H. Cassard et al.* BRISCOE, J., delivered the opinion of the Court.

The appellees in this appeal are life tenants under the seventh, eighth and ninth clauses of the will of Thomas Kensett, late of Baltimore City. The trusts for each of the life tenants are the same, the language being as follows: "In trust and

confidence, however, that the dividends, interest, rents and net income arising from the estate and property embraced in this article of my will shall be for the sole, exclusive and separate use of my daughter, Eliza H. Cassard, during her life and shall be paid over to her as they accrue" with remainder to her children. ·

·   The questions presented on this appeal are identical with those decided by this Court in the case of the *Safe Deposit and Trust Company of Baltimore, Trustee,* v. *Margaret D. White and Beryl D. Powder,* at this term of Court, and the orders appealed against in this case will be affirmed for the reasons stated by us in the opinion filed in that case.

> *Orders affirmed, the costs to be paid out of the dividends, in each appeal.*