# VIRGINIA LEE FOARD

## *vs.*

# SAFE DEPOSIT & TRUST CO. OF BALTIMORE, TRUSTEE, ELSIE BLACKISTONE ELLISON, ET ALS.

*Corpus of estate, or interest?    Stock of corporations: dividends.*

When the stock of a corporation is left by will in trust, the income for the use of the beneficiary for life, with remainder over, surplus profits, which have accumulated in the lifetime of the testator, but which are not divided until after his death, belong to the *corpus* of his estate; and the dividends of earnings made after his death are *income,* and payable to the life tenant, no matter whether the dividend be in cash, scrip or stock.                                                p. 480

But where the will or instrument creating a trust shows an intent that such additions be treated in a peculiar manner, effect will be given to such intent (unless contrary to the rules of law).                                                p. 481

*Decided January 15th, 1914.*

Appeal from the Circuit Court No. 2 of Baltimore City. (GORTER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BRISCOE, J., presiding, and BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

\W. *Irvine Cross,* for the appellant.

*Charles McHenry Howard* (with a brief for the Safe Deposit and Trust Co., Trustee), and *George Forbes* (with a brief for Elsie Blackistone Ellison, *et als.*), for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

This case comes before the Court under the 47th General Equity Rule, as a case stated. It, therefore, presents no conflict of facts, merely a question of law. The Joseph R. Foard Company is a corporation formed in 1888, with a full paid capital stock of 500 shares of the par value of $100. It began to pay dividends on its stock in 1896, and continued to do so until 1912, or after the happening of the events which gave rise to this case. The dividends paid varied in amount from 10% per annum to as high as 100%; thus in 1902 there was made what was in effect a dividend, though called in the minutes of the company "a special distribution" of undivided profits of 100%; and again in 1907 there was an extra dividend of 50%, although with these two exceptions there does not appear to have been any larger dividend declared in any one year than a dividend of 20%. After the special dividend of 50% in 1907, the net earnings of the company over and above the usual average dividends were allowed to accumulate, and not being actually needed in the prosecution of the company's business, $25,000 of such accumulation were in 1908 used for the purchase of 200 shares of the capital stock of the First National Bank; and again in June, 1910, there was purchased for the sum of $23,750 a certificate of indebtedness of the City of Baltimore of the par value of $25,000.

Mr. Joseph R. Foard, the president of the company, was the owner of 252 shares of the capital stock, more than a majority, together with other property. On the 31st March, 1911, Mr. Foard executed a will by which after giving certain pecuniary legacies, he disposed of his property as follows: he gave to his wife absolutely, all household silver, jewelry, furniture, ornaments, books, pictures, horses and carriages, as well as other miscellaneous presonal property on his place in Baltimore County; the residue of his property was then divided into thirds, of which one-third was bequeathed to his wife, absolutely; one-third, to a daughter by a former marriage, and the remaining third, "to the Safe Deposit and Trust Company of Baltimore City in trust for my wife Virginia Lee Foard one third, the income therefrom to be paid her during her natural life, and after her death, the said one-third to go to my daughter, Elsie Blackistone Ellison, absolutely."

On the 28th June, 1911, Mr. Foard died, his will was duly admitted to probate, and all debts, legacies and the expenses of administration paid, out of other assets than the stock, a dividend upon which is the occasion of this suit.

Six days prior to Mr. Foard's death at a meeting of the directors of the Foard Company, it was stated by the chairman of the meeting, "Owing to poor general conditions, the company was just about holding its own," and upon his recommendation a dividend of 5% was authorized to be paid, not out of the earnings of the company for the preceding six months, but out of the undivided profits. Four months later, on October 20th, 1911, at a meeting of the directors of the company there was declared an extra dividend of 100% upon the capital stock of the company, and "it was further resolved that the investments of this company in the First National Bank of Baltimore and in Baltimore City stock be realized as quickly as market conditions may justify, in order to facilitate the payment of the extra dividend just declared." Acting under this power, the stocks in question

FOARD vs. SAFE D. & T. CO. OF BALTO.    479

Md.]                    Opinion of the Court.

were sold, realizing $50,212.50, which was deposited in the
general deposit account of the corporation, and in due time
checks were drawn against it for the payment of this extra
dividend.   At that time the estate of Mr. Foard was still
in the hands of the executor, and the payment of the dividend
upon Mr. Foard's stock was made to such executor.   In the
division of Mr. Foard's estate under his will, the share
included in the clause above quoted amounted to 84 shares of
the capital stock, and the question is whether the dividend of
100% so declared by the company in October, 1911, is to be
treated as part of the income of the trust to be paid over to
Mr. Foard's widow, or whether it should be added to the
*corpus* of the trust estate, in which case Mrs. Virginia Lee
Foard would be entitled during her life only to the income
arising from it, and this dividend would then pass at the
termination of her life as a part of the *corpus* of the estate
to Mr. Foard's daughter, Mrs. Ellison.

The legal question presented, therefore, is whether this
extraordinary or unusual dividend of 100% is to be treated
as income or as a part of the *corpus* of the trust estate.   The
proper disposition of such dividends forms the subject of an
elaborate note to the case of *Holbrook* v. *Holbrook,* 12 L. R.
A. N. S. 768, in which, and in a supplemental note in
*Newport Trust Co.* v. *Van Rensselaer,* 35 L. R. A. N. S. 563,
most of the cases bearing on the question are collected and
carefully considered.   The original English Rule gave all
such extraordinary dividends to the *corpus* of the estate, but
there were frequent departures from the rule even in the
English decisions, as is shown by such cases as *Preston* v.
*Melville,* 15 Sim. 35; *Price* v. *Anderson,* 15 Sim. 473, and
*Johnson* v. *Johnson,* 15 Jur. 714, while the modern English
rule corresponds closely with what is now known as the
Massachusetts rule, by which if the dividend be in cash it is
allotted to the life tenant, but if in stock it is added to the
*corpus.*   This is a simple but an arbitrary rule, and calculated
to work injustice in many cases.   As opposed to this is what

is generally known as the Pennsylvania rule, or as designated by Mr. Cook, in his work on *Stock and Stockholders,* section 554, as the American rule. It is also sometimes designated as the apportionment rule, and is thus stated in *Smith's Estate,* 140 Pa. 344:

"It is well settled in this State that, when the stock of a corporation is by the will of a decedent given in trust, the income thereof for the use of a beneficiary for life, with remainder over, the surplus profits, which have accumulated in the lifetime of the testator, but which are not divided until after his death, belong to the *corpus* of his estate, whilst the dividends of earnings made after his death are income, and payable to the life tenant no matter whether the dividend be in cash, or scrip, or stock." '

. This statement of the rule is the substance of the doctrine as laid down in *Earp's Appeal,* 28 Pa. 368, one of the earliest and leading cases on the subject in this country. It was argued that the doctrine of *Earp's Appeal* has been shaken, if not modified, by the decision in *Boyer's Appeal,* 224 Pa. 144, but any such idea is effectually dispelled by the very recent case *In re Stokes' Estate,* 87 Atl. Rep. 971, in which the rule adopted in *Earp's Appeal* is distinctly re-affirmed.

The cases in this State are in full accord with the Pennsylvania rule. In *Thomas* v. *Gregg,* 78 Md. 549, the Massachusetts rule was repudiated in favor of that of *Earp's Appeal,* and the case of *Quinn* v. *Safe Deposit and Trust Co.,* 93 Md. 285, was clearly distinguishable from the earlier case as set forth in the opinion.

The two later cases of *Ex Parte Humbird,* 114 Md. 627, and *Coudon* v. *Updegraf,* 117 Md. 71, are not directly in point, the funds from which, in the first case, the unusual dividend was declared having resulted, not from the ordinary operations of the company, but from a sale of lands belonging to the company, while in the second case it was not until the lapse of a long interval after the commencement of the trust that the dividend, a stock dividend, was declared.

The application of the Pennsylvania rule is in some cases open to one objection, the difficulty in establishing when the money which entered into the dividend was earned, and that was a difficulty which was presented in *Thomas* v. *Gregg, supra,* but in the present case no such difficulty arises.

Without stopping to quibble over words it is clear, that the $50,000 required for the payment of this unusual dividend was the proceeds of the sale of the stock of the First National Bank and the Baltimore City stock, both of which had been bought with earnings of the company prior to Mr. Foard's death, and prior even to the making of his will.

This dividend was, therefore, properly decreed by the Circuit Court No. 2 of Baltimore City, to constitute a part of the *corpus* of the estate.   There is a practically unbroken line of authority to the effect that where the will or instrument creating a trust shows an intent on the part of the testator or creator that any such additions to an estate shall be treated in a particular manner, effect will be given to such intent, but an examination of the provisions of Mr. Foard's will does not disclose any purpose, desire or intent looking to a different conclusion from that already arrived at.

In the special case stated, the same question as that herein considered was raised, as to the disposition of the dividends on several other stocks, but these were all adjusted before the case came to hearing on appeal, and were not presented to the Court.

*Decree affirmed, with costs.*