# MARY V. MILLER, AMY P. MILLER, LUCY J. M. TAYLOR, ALICE WOLFF MILLER and LAURENCE M. MILLER

*vs.*

# SAFE DEPOSIT & TRUST COMPANY OF BALTIMORE, Trustee, et al.

*Stock: dividends; income or corpus?*

The reason for appropriating, to the corpus of a trust estate, the proportion of a stock dividend earned, though not distributed, by the corporation during the life of the testator who established the trust, does not apply to the disposition of a dividend based on corporate profits earned after the trust had come into existence.                                    p. 614

When stock dividends are declared in a testator's lifetime, the stock so acquired normally constitutes a part of the corpus of the estate passing under the will, the same as the original stock on account of which it was issued.          pp. 614-615

These principles do not apply to a stock dividend derived from earnings wholly realized after the testator's death.   p. 615

Such a dividend could not have passed under the testator's ownership, so as to have become an integral part of his assets, but has the essential and distinctive character of income from the trust estate so invested.                          p. 615

A stock dividend from earnings, accrued and declared after the trust has become operative, is payable to the life tenant as income.                                    p. 616

It acquires that character from the time and circumstance of its origin, and not from the terms of the trust under which it is applied to its intended object.          ·          p. 616

Though it may be directed to be appropriated to corpus purposes, it is received as income by the trustees.          p. 616

An income dividend is payable to the person entitled at the time it was declared.          p. 615

Where a testator, creating a trust, declares, in effect, that the whole income from the trust estate, no matter how or when derived, which accrues after a certain date, is to be given to the life tenants, an inquiry as to the original source of an income dividend is unnecessary.          pp. 615-616

*Decided January 19th, 1916.*

Appeal from Circuit Court No. 2 of Baltimore City. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Eli Frank* (with *John J. Donaldson. J. Helmsley Johnson* and *Frank, Emory and Beeuwkes* on the brief), for the appellants.

*Charles McII. Howard* submitted the case on brief for the appellees.

URNER, J., delivered the opinion of the Court.

The will of Llewellyn Miller provided that his residuary estate should be held by the Safe Deposit and Trust Company of Baltimore as trustee, and one-half of the income paid to his wife and one-half to his children during their respective

lives. There were limitations in remainder to the issue of the testator's children upon the death of the last surviving child. It was further provided in effect that if the testator's death should occur prior to January 1, 1911, the income from the estate until that date should be distributed, to an amount not exceeding eight thousand dollars annually, to the life beneficiaries, in the proportions specified by the will, and any surplus of income over that amount should be added to the corpus of the trust, and thirty-one and four-tenths shares to income should be paid to the tenants for life.

The testator died on November 11, 1908, and the trust created by his will has since been administered according to its terms by the trustee therein appointed. The trust estate consists in part of three hundred and fifty shares of the capital stock of the Northern Central Railway Company, which had been owned by the testator at the time of his death. On July 10, 1914, a forty per cent. dividend was declared by the Railway Company payable in its stock at the par value of fifty dollars per share. According to the report of the directors of the company, upon the basis of which the stockholders authorized the dividend, it represented earnings of the corporation accumulated during a period of ten years ending December 31, 1909. In consequence of the declaration of this dividend the Safe Deposit and Trust Company, as trustee under the will of Llewellyn Miller, received one hundred and forty additional shares of the Northern Central stock. The question as to whether the stock dividend thus declared should be treated as corpus or as income of the trust was raised and decided in the *Northern Central Dividend Cases,* 126 Md. 16, where it was presented in connection with similar questions relating to other trusts interested in the stock and dividends of that company. It was there determined that as the dividend was based upon earnings of the company, as shown by the formal report made by its directors and adopted by its stockholders, it should be regarded as income, in conformity with the rule established by the previous decisions of this Court; *Thomas* v. *Gregg,* 78 Md.

545; *Quinn* v. *Safe Deposit and Trust Co.,* 93 Md. 285; *Atlantic Coast Line Dividend Cases,* 102 Md. 73; *Ex Parte Humbird,* 114 Md. 627; *Coudon* v. *Updegraf,* 117 Md. 71; *Foard* v. *Safe Deposit and Trust Co.,* 122 Md. 476. It was held, however, that in the case of trusts created by testators who died before the expiration of the ten year period during which the earnings represented by the stock dividend were accumulated, the proportion of the dividend appearing to represent earnings which accrued to the company during the lifetime of such testators should be appropriated to the corpus of the trusts, in accordance with the principle of apportionment adopted in the case of *Thomas* v. *Gregg, supra.*

It was suggested in the opinion delivered by JUDGE BURKE in the *Northern Central Dividend Cases* that the question as to what part of the earnings, entering into the stock dividend, were accumulated during the life of any testator, might be determined by testimony or agreement after the cases were remanded. In pursuance of this suggestion an agreement was reached, and reported to the Court below, from which it appeared, in reference to the particular trust with which we are now concerned, that the proportion of the earnings in question which accrued to the company prior to the death of the testator on November 11, 1908, was seventy-seven and a fraction per cent. of the whole amount, leaving twenty-two and a fraction per cent. as the proportion which accumulated during the remainder of the ten year period expiring December 31, 1909. A corresponding apportionment of the one hundred and forty shares of stock received by the trust from the forty per cent. stock dividend would result in an allotment of one hundred and eight and six-tenths shares to the corpus and thirty-one and four-tenths shares to the income. No question has been raised as to the correctness of the facts and figures leading to the result just indicated, but the theory is advanced that in the case of the present trust the apportionment should be made, not with reference to the date of the testator's death, but as of the first of January, 1911, the time designated in the will prior to which the

income received in excess of eight thousand dollars annually should be added to the corpus of the estate. The income of the trust is said to have equalled that amount, independently of the Northern Central stock dividend, and the contention, therefore, is that as the testator's direction for the addition of the surplus income to the corpus would have precluded the life tenants from receiving such a dividend during the period between his death and January 1, 1911, and as the earnings represented by the dividend had all been accumulated before that period expired, the whole of the dividend stock in question should be held as corpus for the eventual benefit of the remaindermen.

In view of this contention the Auditor prepared and reported two statements of account, in one of which, with a recommendation for its adoption, he apportioned one hundred and eight and six-tenths shares of the dividend stock to the corpus of the trust, and thirty-one and four-tenths shares to the income, upon the basis of the ascertainment of the railway company's earnings with reference to the date of the testator's death, and in the other of which he awarded the whole of the stock to the corpus upon the opposing theory to which we have just referred. Exceptions were filed to each of the accounts thus reported, and after a hearing the lower Court decided that the apportionment should be made with respect to the date, subsequent to the testator's death, when the life tenants became entitled to the entire income regardless of its amount. An order was accordingly passed ratifying the audit which gave effect to that theory. The ruling thus made has resulted in this second appeal.

The reason for appropriating to the corpus of a trust estate the proportion of a stock dividend earned, though not distributed, by the corporation during the life of the testator who established the trust, does not apply to the disposition of a dividend based on corporate profits earned after the trust has come into existence. When the dividend is declared in the testator's lifetime, the stock thus acquired by him would

normally constitute, like the original stock on account of which it was issued, a part of the corpus of the estate passing under the will. It has therefore been considered proper to inquire as to the extent to which, if at all, such a dividend was earned during a period when the testator as a stockholder had an interest in the corporate earnings, and when the dividend, if at once declared, would have become incorporated in the estate destined for the remaindermen. This consideration manifestly cannot affect the application of a dividend from earnings wholly realized by the corporation after the testator's death. Such a dividend could not have passed under the testator's ownership and have thus become an integral part of his assets, but it has the essential and distinctive character of income derived from the trust estate as invested. The principle is definitely settled, by the cases cited, that a dividend from earnings accrued and declared after the trust has become operative is payable to the life tenants as income. It acquires that character from the time and circumstances of its origin, and not from the terms of the trust under which it is applied to its intended object. Though it may be directed to be appropriated to corpus purposes, it is received as *income* by the trustee. The rule is also well established that an income dividend is payable to the person entitled at the time it is declared. *Northern Central Dividend Cases, Thomas* v. *Gregg, Quinn* v. *Safe Deposit and Trust Co., supra; France on Principles of Corporation Law,* 280. If, in this case, the dividend had been declared prior to January 1, 1911, it would have been added to the corpus for the remaindermen in pursuance of the provision in the will requiring such application. But it was not until three years after 1911 that the resolution for the payment of the dividend was adopted, and at that time the life tenants were entitled to the whole income from the estate. Until the declaration of the dividend no part of the corporate earnings constituted income of the trust. In directing the entire income from the trust estate to be paid to the life tenants after January 1, 1911, the will under consideration does not qual-

ify that disposition by making it dependent upon an inquiry as to the original source of any income dividend accruing to the estate, but the income generally, and howsoever derived, which in fact accrues to the trust after the date specified is given to the tenants for life without restriction as to the amount. The case as now presented does not, in our judgment, contain any special elements which require a modification in this instance of the rule of apportionment announced on the former appeal, by force of which the proportion of the stock dividend derived from earnings accumulated since the testator's death is distributable as income to the life beneficiaries.

In *Thomas* v. *Gregg,* and *Atlantic Coast Line Cases, supra,* to which particular reference was made in the appellee's brief, the apportionment of the dividends was made, in each case, with exclusive relation to the time of the testator's death, and we have been unable to find anything in those decisions to warrant the extension of the principle to dividends earned during a later period.

The conclusion we have stated requires a reversal of the order and the remanding of the case to the end that the Auditor's report based upon the theory we have approved may be ratified.

> *Order reversed and cause remanded, the costs to be paid out of the trust funds.*