## R. RANDOLPH HICKS

*vs.*

## CHARLES G. KERR AND REVERDY J. KERR, EXECUTORS OF THE WILL OF ELLA J. KERR, DECEASED.

*Stock: dividends; income or corpus?*

The general rule is that dividends and income accruing prior to the death of a testator, from stock or other property which is the subject of a specific bequest made in his will, do not follow the legacy, but form part of the general estate.          p. 695

In the application of the rule no distinction can properly be made between stock and cash dividends.          p. 695

A testatrix at the time of the execution of her will was the owner of a certain number of shares of the Northern Central Railroad Company; she devised this stock by a specific legacy naming number of shares she owned and intended to devise; after execution of the will, but before the testatrix's death, the Northern Central Railroad Company declared and issued a stock dividend; *held* that this stock dividend did not pass under the specific legacy of the number of shares she originally owned.
p. 697

Appeal from Circuit Court No. 2 of Baltimore City. (DUFFY, J.)

*Decided April 26th, 1918.*

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*R. E. Lee Marshall,* for the appellant.

*Clapham Murray* and *Walter L. Clark,* for the appellees.

URNER, J., delivered the opinion of the Court.

The eighth paragraph of the will of Ella J. Kerr, late of Baltimore City, deceased, is as follows:

> "To my daughter, Ella K. Hicks, wife of R. Randolph Hicks, of Norfolk, Virginia, I give and bequeath the forty-two (42) shares of stock in the Northern Central Railway Company, now registered in my name. I further provide with reference to said legacy that, in the event my said daughter predeceases me without children or descendants of children surviving her, the same shall become the absolute property of her husband, R. Randolph Hicks."

The will was executed July 1, 1913, and the testatrix died on the 17th day of March, 1917. During the period between the execution of the will and the death of the testatrix, her daughter, Mrs. Hicks, died without leaving any children or descendants, but survived by her husband, to whom the forty-two shares of stock specifically bequeathed by the clause of the will we have quoted have been transferred in due course of administration. At the time of her death the testatrix was also the owner of sixteen additional shares of stock of the Northern Central Railway Company, which she had received, by virtue of her existing share holdings, as her proportion of a forty per cent stock dividend declared by the company in July, 1914, on account of surplus earnings appropriated to improvements or otherwise invested. The sixteen shares which thus accrued to the testatrix are claimed by her son-in-law, Mr. Hicks, as the substituted legatee, under her will, of the forty-two shares therein bequeathed, upon the theory that the dividend stock subsequently issued bore such a relation to the original shares as to follow the course of their testamentary disposition. This claim is contested by the two surviving sons of the testatrix, who assert that the sixteen shares in question have passed to them as residuary legatees. The appeal is from a decree by which the latter view was sustained.

The descriptive terms of the bequest are clear. The property intended to be bequeathed was plainly designated by the testatrix as "the forty-two (42) shares of stock in the Northern Central Railway Company now registered in my name." It was the only stock of that company owned by her when she executed her will, and it was readily identified by the description quoted when the will took effect at her death. So far as the specific terms of the bequest are concerned, they are completely gratified by the delivery to the legatee of the forty-two shares precisely described. It is only because the stock dividend represented assets which previously formed elements of value of the stock already issued that the dividend stock is claimed by the legatee of the original shares.

When the sixteen shares of dividend stock were issued to the testatrix, she also received her due proportion of a cash dividend likewise declared on account of accumulated earnings of the corporation. It is, of course, not suggested that this cash dividend would pass under the bequest of the stock, even if the money thus derived could be identified at the period when the will became operative. The Railway Company might have distributed its surplus earnings wholly in the form of cash dividends, instead of using a part of such funds for improvements on account of which stock dividends were declared. If the former course had been pursued, it would not be contended that the bequest of the forty-two shares should be treated as carrying with it such part of the proceeds of the cash dividends as the testatrix may not have expended in her lifetime. The fact that the dividends were declared partly in stock, instead of entirely in cash, does not affect the principle of the question now being determined. *Northern Central Dividend Cases,* 126 Md. 16; *Miller* v. *Safe D. & T. Co.,* 127 Md. 612.

The ordinary rule is that dividends and income accruing prior to the death of the testatrix, from stock or other property which is the subject of a specific bequest under the will, do not follow the legacy, but form part of the general estate.

40 *Cyc.* 1549; *Thompson on Corporations* (2nd Ed.), Vol. IV, sec. 4292; *Wethered* v. *Safe Deposit and Trust Co.,* 79 Md. 157. In the application of that rule no distinction can properly be made between stock and cash dividends of corporate earnings received by a testator under such circumstances as those shown by this Record. .

In the case of *In Re Brann,* 219 N. Y. 263, 114 N. E. 404, a testatrix had bequeathed the thirty shares of stock of the Standard Oil Company owned by her at the time of the execution of her will, to be held in trust for her brother for life and for certain charities in remainder. The will was executed in 1908 and the testatrix died in 1912. About a year prior to her death she received from the Standard Oil Company a number of shares of the stock of its various subsidiary oil companies, which it distributed to its stockholders under a decree of the United States Supreme Court requiring it to dispose of its holdings in corporations under its control. The question in the case was whether the shares of the subsidiary companies, thus accruing to the testatrix in her lifetime, passed with her bequest of the primary shares, on account of which they were distributed, or were included in the portion of the estate to which the residuary legatee was entitled. The Court of Appeals of New York adopted the latter theory, and in the course of its opinion said: "The new shares are, in effect, an extraordinary dividend declared during the life of the testatrix. * * * The case stands the same as if the Standard Oil Company had sold the shares and distributed the proceeds. It is hardly denied that a voluntary dividend, whether paid in money or in stock, would be separate from the primary shares." A different rule could not be invoked, the Court said, merely because the dividend in that case was compulsory. Due consideration was given to the fact that the subsidiary shares, while held by the parent company, contributed to the value of its stock, but it was held that the reduction which their distribution caused in the

value of the bequeathed shares was analogous to a partial ademption of the legacy.

If, in the present case, the dividend shares had been received by the testatrix before her will was executed, it is obvious that they could not be held to be embraced in the specific bequest of the original forty-two shares of which she was the owner. In such a situation the omission of the testatrix to mention the additional shares in connection with the legacy, would be accepted as a plain indication of her intention that they were not to be included in the bequest. They would certainly not be attached to the legacy by judicial action simply because they represented assets from which the bequeathed stock had formerly derived a part of its value. While the dividend stock with which we are now dealing had not been received by the testatrix at the time of the execution of her will, it was in her possession for more than two years prior to her death, but no change was made in her will to include the new stock within the terms and effect of the bequest under consideration. If it had been the desire of the testatrix to have the legacy include the sixteen shares of Northern Central stock issued to her in 1914, as well as the forty-two shares specified in the bequest, it may well be supposed that, in the ample time available, she would have made the simple alteration in her will necessary to accomplish that result.

*Decree affirmed, with costs.*