## CAROLINE SELMAR KRUG

### *vs.*

## MERCANTILE TRUST AND DEPOSIT COMPANY OF BALTIMORE, TRUSTEE, ET AL.

*Corporations: dividends; income or corpus? Wills and trust estates: rights of life tenants and remaindermen.*

Dividends of earnings of corporations made after the death of a testator-stockholder are income, and are payable to a life tenant under such testator's will, no matter whether the dividends are paid in cash, scrip or stock.            p. 116

Monies arising from the sale of corporate property and distributed as a cash dividend are income if they arise from a sale of property made by the corporation, in the ordinary course of its business, when it sells only such property as its regular course of business is to sell.                  p. 115

The assets distributed among the stockholders of the Mercantile Trust Company in January, 1918, represented the profits which had been realized by the Trust Company in the usual course of its business, and was in substance a distribution in kind of a portion of the identical specific profits accumulating to it from a transaction entered into and completed after the death of a certain testator-stockholder, and as such were payable to the life tenants under such stockholder's will, as income, and not as corpus.                  p. 117

*Decided June 19th, 1918.*

Two appeals from Circuit Court No. 2 of Baltimore City. (AMBLER, J.)

The facts are stated in the opinion of the Court.

The causes were argued together before BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Charles Markell* and *Frank Gosnell* (with whom were *Karl A. M. Scholtz* and *Marbury, Gosnell & Williams* on the brief), for the appellants.

*Charles McHenry Howard,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is a special case stated under the 47th *Equity Rule,* Code, Art. 16, sec. 206, and is an amicable controversy between a beneficiary for life, and remaindermen, for the purpose of determining whether or not a distribution of shares of stock of the Merchants and Miners Transportation Company (to be hereafter called the Transportation Company) constitute income or corpus of a trust estate.

The facts are undisputed and are set out in an agreed statement in the record and all of the parties in interest are *sui juris.*

The testator under whose will the trust was created died on the 4th of January, 1908, and his will was duly probated in the Orphans' Court of Baltimore City.

The fourth clause of this will is as follows:

"I give, devise and bequeath unto the Mercantile Trust and Deposit Company of Baltimore, Two thousand dollars Baltimore City Stock, Harford Run, issue 1920, Fifty shares of stock of the Maryland Casualty Company and Ninety-two shares of stock of the Mercantile Trust and Deposit Company of Baltimore, in trust, to hold said investments for and during the natural life of my daughter, Caroline Selmar Krug, paying to her monthly the net income therefrom, and from

and after her death then in trust for my said son,
Theodore F. Krug, paying to him during his natural
life, the net income therefrom, and immediately from
and after my said son's death, said trust shall cease,
and the said fund shall then go to and be divided by
my said Trustee in equal shares, between the descend-
ants of my said son, *per stirpes,* and not *per capita.*"

By the seventh item of the will one-half of the residuary
estate was devised and bequeathed to the trustee upon the
same trusts and the trustee was given power to change the
investments.

The appellant, is a daughter of the testator, is now living
and is unmarried.

The appellee, Theodore F. Krug, is a son of the testator;
is also living and has five children, who are also appellees,
and all of whom are above the age of twenty-one years.

The Mercantile Trust and Deposit Company of Baltimore,
the trustee (to be hereafter called the Trust Company), is a
corporation incorporated under the laws of this State for the
purpose of conducting the business of a safe deposit and trust
company. It is admitted that the business transacted by the
company includes the purchase of stocks, bonds and other
securities and the selling thereof.

In the settlement of the estate of the testator, it appears,
that two hundred and twenty-one shares of the stock of the
Trust Company were distributed to the trustee, to be held
in trust as provided by the testator's will. Subsequently, on
the 23rd of December, 1908, the capital stock of the Trust
Company was reduced by retiring twenty-five per cent of
each stockholder's holdings at $130.00 per share, leaving one
hundred and sixty-five shares belonging to the Krug trust.

The material facts, bearing upon the investment from
which the profit to the Trust Company resulted and which is
the subject matter of this controversy are set out in the agreed
statement of facts and are in part as follows:

On April 15th, 1914, the Trust Company purchased from the New York, New Haven and Hartford Railroad Company the following debentures and stock of the Transportation Company, a corporation organized and existing under the laws of Maryland and engaged in the business of owning and operating a fleet of vessels between the port of Baltimore and the ports of Savannah, Boston and elsewhere, viz, $1,950,000, par value of 4% debentures, due May 1st, 1932, by each holder to three-fifths of his former holdings, whereby 15,190 20/100 shares of stock of said company of the par value of $100.00 each.

In January, 1916, the capital stock of the Transportation Company was reduced from $5,000,000.00 to $3,000,000.00, by the cancellation of forty per cent (40%) of its outstanding capital stock, so as to reduce the number of shares held the number so held by the Trust Company was reduced to 9, 114 12/100 shares. At the same time the debentures so held by the Trust Company were surrendered and exchanged for new first mortgage six per cent 25 year bonds of the Transportation Company of the aggregate value of $1,305,-000.00, and 4,500 shares of additional capital stock of the company; whereby the number of shares of stock held by the Trust Company was increased to 13,614 12/100. The additional shares so acquired, however, were like the former ones carried on the books of the Trust Company under the nominal valuation of one dollar.

Subsequently, the first mortgage bonds acquired by the Trust Company were sold by it and the amount realized from such sale exceeded the amount which was originally paid when the debentures and stock were first acquired, leaving the Trust Company the owner of 13,614.12 shares of the stock carried on its books at a nominal value.

On January 4th, 1918, at a meeting of the board of directors of the Trust Company the following resolution was passed:

"*Resolved,* That there be distributed from the assets of the Mercantile Trust and Deposit Company to its stockholders for each three (3) shares of the capital stock of this Company held by them and standing in their names on January 4th, 1918, one (1) share of the capital stock of the Merchants and Miners Transportation Company and at the same rate for any smaller or greater number of shares.

"Such distribution to be made to the stockholders of record at 12 o'clock noon on January 4th, 1918, and payable at this office on and after January 11th, 1918."

At the time of this distribution the Trust Company held 13,614 12/100 shares of the stock of the Transportation Company, and 10,000 shares of this stock were allotted and distributed to the various holders of stock in the Trust Company, in pursuance of its resolution of the 4th of January, 1918.

As the Trust Company held, as trustee under the will of Gustav Krug, deceased, 165 shares of its own capital stock, it received by virtue thereof, in the distribution under the resolution, 55 shares of stock of the Transportation Company, and the single question upon the facts here presented, is whether these shares of stock, so distributed to the trust estate shall be treated, between the beneficiary for life and remaindermen, as corpus or income.

The Court below, by its decree of the 27th of February, 1918, held, that these shares of stock were corpus or principal and not income, of the trust estate, and that the stock or any investments thereof shall be held by the trustee as part of the corpus or principal of the trust estate. From this decree, this appeal has been taken.

It will not be necessary for us to review at length the numerous cases in this Court upon the rights of life tenants and remaindermen to dividends or distributions by a corporation, among its stockholders, or to discuss the so-called "Pennsylvania" or "American" rule, which has been adopted and

followed in this State. The rule has been stated and the authorities in support thereof have been discussed in a number of recent cases in this Court. *Thomas* v. *Gregg,* 78 Md. 545; *Quinn* v. *Safe Deposit Co.,* 93 Md. 285; *Smith* v. *Hooper,* 95 Md. 16; *A. C. L. Dividend Cases,* 102 Md. 73; *Ex parte Humbird,* 114 Md. 627; *Coudon* v. *Updegraff,* 117 Md. 71; *Foard* v. *Safe Deposit Co.,* 122 Md. 476; *Washinging Co. Hospital* v. *Hagerstown Trust Co.,* 124 Md. 1; *Northern Central Ry. Div. Cases,* 126 Md. 16; *Miller* v. *Safe Deposit Co.,* 127 Md. 610.

While the facts of the present case are somewhat unusual, and the question here presented is not free from difficulty, we think the case falls within the principle recognized by this Court in *Ex parte Humbird,* 114 Md. 638, and followed in the more recent case of *Washington County Hospital* v. *Hagerstown Trust Co.,* 124 Md. 10, wherein it is said, as stated in *Taylor on Private Corporations,* 4th Ed. 799, that moneys arising from the sale of corporate property and distributed as a cash dividend are income if they arise from a sale of property made by the corporation in the ordinary course of its business, when it sells only such property as its regular business is to sell.

In *Thomas* v. *Gregg,* 78 Md. 554, it is said: "When a corporation, having actually made profits, proceeds to distribute such profits amongst the stockholders, the tenant for life would be entitled to receive them, and this without regard to the form of the transaction. Equity which disregards form and grasps the substance would award the thing distributed, whether stock or moneys, to whomsoever was entitled to the profits."

In the case at bar, "the assets" distributed among the stockholders represent the profit which had been realized by the Trust Company in the usual course of its business and was in substance a distribution in kind of a portion of the identical specific profits accruing to the Trust Company from a

transaction entered into and completed after the death of the testator.

In *Miller* v. *Safe Deposit and Trust Company,* 127 Md. 611, it is said, that the principle is definitely settled, that a dividend from earnings accrued and declared after the trust has become operative is payable to the life tenant as income and that an income dividend is payable to the person entitled at the time it is declared.

It is also well established that dividends of earnings made after the death of the testator are income and payable to the life tenant no matter whether the dividend be in cash or scrip or stock. *Atlantic Coast Line Cases,* 102 Md. 73; *Foard* v. *Safe Deposit & Trust Co.,* 122 Md. 480; *Northern Central Railroad Cases,* 126 Md. 16, 25.

It is clear, we think, under the authorities, that if the 10,000 shares of the Transportation Company had been converted into cash and distributed in that form, instead of making distribution of the identical shares, which represented the profits, as was done in this case that the dividend would be treated as income, and not corpus.

The mere fact, then, that "the assets" which represented the gains and profits of the investment from this particular transaction were distributed in kind, that is consisting of shares of stock of another corporation rather than in cash, should not alter or affect the principle involved.

In *Coudon* v. *Updegraff,* 117 Md. 80, this Court said, if this stock dividend was based upon the earnings of the company and the company had the power to so distribute it, and this power was validly exercised, then this extra two hundred and fifty shares, declared as a stock dividend, must be treated as income from the trust estate. *Coast Line Dividend Cases,* 102 Md. 73.

The English cases hold that dividends of profit consisting of shares of stock of another corporation are income and belong to the life tenant, and between a dividend paid in cash and one paid in property, that is in stock of another

corporation, owned by the distributing corporation, there is no substantial difference. And to the same effect are the cases of *Hemenway* v. *Hemenway,* 181 Mass. 406; *Gray* v. *Hemenway,* 212 and 223 Mass. 239, 293; *Smith* v. *Dana,* 77 Conn. 543; *Union & N. H. Trust Co.* v. *Traintor,* 85 Conn. 452; *Equitable Life Society* v. *Union Pac. Rwy. Co.,* 212 N. Y. 360.

The facts of this case we think under the well settled rules applicable to this class of cases, require us to hold that the dividend here in controversy is income and not corpus and is payable to the life tenant.

There are a class of cases which deal with the apportionment of dividends between life tenant and remaindermen, but they involve conditions and present a state of facts dissimilar and different from those in this case.

For the reasons stated the decree appealed from will be reversed and the cause remanded to the end that a decree may be passed in accordance with the views expressed herein.

> *Decree reversed, cause remanded, the costs above and below to be paid equally by the life tenant and the remaindermen.*