# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 28, 1926.

EX PARTE IN THE MATTER OF THE TRUST ESTATE UNDER THE WILL OF EDWARD F. BURKE.

*Piper, Carey & Hall* for trustees.
*Chas. McHenry Howard* for Madeleine T. Hooker, exceptant.

FRANK, J.—

Edward F. Burke died on December 23, 1915. By his will and codicils the residue of his estate was left in trust to pay the entire net income to his wife, for life, and thereafter as by said will and codicils provided. Included in said residue were 130 shares of the common stock of General Electric Company, a New York corporation.

In February, 1905, General Electric Company organized Electric Bond and Share Company for the purpose of promoting and financing electrical public service enterprises. On December 30, 1924, the parent company held all of the common stock of the subsidiary company, consisting of 250,000 shares of the par value of $100 each or an aggregate par value of $25,000,000. The former company also owned $30,000 par value of the 6% cumulative preferred stock of the latter company out of a total issue of $25,000,000 par value of such preferred stock. Both of these classes of stock have voting power.

On December 30, 1924, General Electric Company, by appropriate corporate action, effected a reorganization by separating from its other assets, the 250,000 shares of common stock and 300 shares of preferred stock of Elec-

tric Bond and Share Company. This was accomplished by forming a new corporation, Electric Bond and Share Securities Corporation, hereinafter called "Securities Corporation," and entering into a contract with the new corporation pursuant to which, the new corporation, in consideration of the transfer to it of the aforesaid 250,000 shares of the common and 300 shares of the preferred stock of Electric Bond and Share Company, issued to each common shareholder of General Electric Company, one share of the capital stock of the Securities Corporation for each share of common stock of General Electric Company held by such shareholder. The authorized capital stock of the Securities Corporation was fixed at 1,802,870 shares, without par value, the exact number needed to consummate this arrangement.

As a result of this plan, the trustee under the will of Edward F. Burke received 130 shares of the common stock of the Securities Corporation. The question presented for determination is as to the relative rights in the said shares of the life tenant and the remaindermen under said will. The auditor's account filed herein on May 23, 1925, allotted these shares to the corpus of the estate, and the question at issue arises upon the exceptions of the life tenant to the ratification of this account.

See Girdwood vs. Safe Deposit and Trust Co., 143 Md. 245, 257.

On the date of testator's death, December 23, 1915, there were outstanding $6,000,000 par value of the common stock of Electric Bond and Share Company, all issued and held by General Electric Company. This was carried in the Investment account of General Electric Company at a valuation of $9,000,000. Stock dividends were declared thereafter as follows:

| | |
|---|---|
| January 20, 1922 | $ 200,000 |
| July 15, 1922 | 229,000 |
| October 16, 1922 | 233,500 |
| December 30, 1922 | 3,000,000 |
| January 15, 1923 | 338,200 |
| October 15, 1923 | 400,000 |
| January 15, 1924 | 456,000 |
| April 15, 1924 | 465,100 |
| July 15, 1924 | 474,400 |
| October 15, 1924 | 483,900 |

Total stock dividends..$6,280,100

Adding to this amount the $6,000,000 par value of common stock held by General Electric Company on December 31st, 1915, we have a total of $12,280,100 par value thus held and acquired. The remaining $12,719,900 par value common stock and $30,000 par value of preferred stock were apparently paid for in cash.

In form, the distribution to the common shareholders of General Electric Company was not a dividend distribution of assets, as was the case in Krug vs. Mercantile Trust and Deposit Co., 133 Md. 110, 116.

As stated in the Resolution of the Board of Directors of General Electric Company, it was a reorganization "by separating from its other assets, 250,000 shares of common stock and 300 shares of preferred stock of the Electric Bond and Share Company * * *" followed by the assignment of these shares to the new Securities Corporation, in consideration of the transfer of the common shares of the Securities Corporation to the common shareholders of General Electric Company. The fact that the distribution of assets is designated in the Resolution as a "separation of assets" and not as a dividend is of slight consequence and does not change the character of the distribution.

24 A. L. R., Note at p. 55, citing Talbot vs. Milliken, 221 Mass. 367.

A Court of equity, looking through the form to the substance, must hold the transaction thus consummated to be in effect and in law a dividend payable in assets of General Electric Company.

On December 31, 1915, a few days after testator's death, the surplus of General Electric Company amounted to $23,692,871.03, of which $9,000,000 was stated to be the value of Electric Bond and Share Company stock. This surplus was greatly increased in each year up to 1924, the greatest enhancement in any one year being in 1917 and amounting to upwards of $15,500,000. The smallest increase in any one of these years was in 1921 and amounted to $40,000. By 1924 the surplus account had grown to $89,612,446.16, when it was reduced by the dividend involved in this case by $25,030,000, leaving the amount thereof $64,582,446.16, nearly $41,000,000 more than it was on the date of testator's death.

It is thus apparent that a dividend of $25,030,000 on December 31st, 1924, could readily be paid, leaving the capital and surplus of General Electric Company nearly $41,000,000 greater than they were at the time the life estate began and that such a dividend could be paid entirely out of earnings. If such a dividend had been paid in cash it would clearly belong to the life tenant under the Pennsylvania or American rule, which unquestionably prevails in this State. This rule was first adopted in Thomas vs. Gregg, 78 Md. 545, has been consistently followed and was approved as late as Girdwood vs. Safe Deposit and Trust Co., 143 Md. 245, 256. If it had been made payable in stock of General Electric Company the same result would have followed. Having been paid out of earnings accrued since testator's death, it would have been income and not surplus.

1. The dividend in the case now under consideration was paid in shares of stock of Securities Corporation representing $6,000,000 par value of common stock of Electric Bond and Share Company owned by General Electric Company at the time of testator's death and $19,000,000 par value of such common stock and $30,000 preferred stock of Electric Bond and Share Company thereafter acquired of the $1,900,000 common stock acquired after testator's death, $6,280,100 was in the form of stock dividends on General Electric Company's holdings of such common stock. It is fairly to be presumed (although no evidence was offered on this point) that the remaining common stock as well as the preferred stock were paid for out of the superabundant earnings of General Electric Company. For the purposes of this case, I hold, therefore, that $12,719,900 par value of common stock and $30,000 par value of preferred stock are income accrued after December 23, 1915.

2. As to the $6,000,000 par value of common stock of Electric Bond and Share Company held by General Electric Company on December 31, 1915, and the stock dividends of $6,280,100 par value of such common stock paid thereon to General Electric Company since that date, a different question is presented. In this State, dividends representing an enhancement in value of the capital assets of the corporation are held to be corpus and not income as between life tenant and remainderman.

Ex parte Humbird, 114 Md. 627; see also Smith vs. Hooper, 95 Md. 16.

The $6,000,000 of common stock held on December 31, 1915, was undoubtedly then a capital asset of General Electric Company, which was not engaged in the business of dealing in securities, but was and is in a manufacturing business. No corporate act of General Electric Company had changed the character of these shares, but in specie the shares of Securities Corporation of which they are the equivalent have been distributed with other like stock to the common shareholders of General Electric Company.

See Northern Central Rwy. Co. Dividend Cases, 126 Md. 16 at p. 28.

They were in no sense earned after the testator's death and the fact that far greater earnings were thereafter made does not change their character as capital. If as above shown, increase in value of capital assets does not become income, a fortiori the very capital assets itself unchanged in form cannot be regarded as income. I hold, therefore, that this $6,000,000 of stock must be treated as capital for the purposes of this case. This case is to be distinguished from Krug vs. Mercantile Trust & Deposit Co., supra, in which the Trust Company declaring the dividend was actually engaged in the business of dealing in securities, of which the stock distributed was a part.

3. The stock dividends comprising $6,280,000 par value of common stock of Electric Bond and Share Company paid from January, 1922, to October, 1924, were doubtless paid out of the earnings of that company subsequent to December 31, 1915. No evidence has been offered on that point, but it is fairly to be inferred from the lapse of time and the rates of payment.

Note in 24 A. L. R. at p. 100 b.

These, then, would constitute income to General Electric Company and having all been earned since testator's death, the shares of Securities Corporation which were issued for them should, and I hold are to be, treated as income in the pending controversy.

4. As a result of these holdings, for the purposes of the instant case,

$6,000,000 par value of the common stock of Electric Bond and Share Company are to be treated as capital and $19,000,000 par value of such common stock and $30,000 of the preferred stock of said corporation must be treated as income. In consequence, 6,000,000/25,030,000 of 130 shares or 31 407/2503 shares of said shares of the Securities Corporation belong to corpus and 19,030,000/25,000,000 or 98 2096/2503 shares belong to the life tenant. I am prepared to sign a decree in accordance herewith.