## PRUGH v JEWELL et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1183.   Decided June 13, 1933

Prugh & Prugh, Dayton, for plaintiff. McConnaughey, Shea, Demann & McConnaughey, Dayton, for defendants, R. C. Jewell and Frances B. Jewell.

HORNBECK, PJ.

The prayer of the second amended petition was that the defendant company be

enjoined from requiring the plaintiff to return the stock to the company or from delivering the stock to defendant Jewell until the rights of the parties be determined by the court and that the plaintiff be decreed to be the owner of the stock in question.

A general demurrer was filed to the petition by defendants Jewells, which was sustained and plaintiff desiring to plead no further judgment was entered against him. The Kurz-Kasch Co. filed an answer in the nature of an interpleader and defendants, Jewells, filed an answer and cross petition which is of significance if the demurrer to the petition of defendants Jewells was improperly sustained. The question presented is, namely: May the vendor shareholder of stock in a corporation by the language of the contract under consideration reserve after declared stock dividends? The trial court sustained the demurrer upon the authority of the one case in Ohio cited, **Marble v The Van Wert National Bank, 3 O.C. C., 464.** It is conceded that if this case is in point it is decisive of the question presented. However, it is urged by counsel for plaintiff that there is distinction between the cited case and the instant case in that in the Marble case the court had under consideration but one class of stock to which no specific dividends were attached; that upon the declaration of a dividend all stock being of equal value and having like rights as to sharing of dividends, it owned a definite part of the entire assets of the corporation. In the instant case the dividend provisions were definite and specific with respect to the stock which was transferred by the sale of plaintiff to defendant. The logic of the opinion in the Marble case would seem to yield to no such distinction as is urged by plaintiff. The basic reason for the decision in the Marble case is that until a dividend is declared by a corporation there is no right in a stockholder to contract away any portion of the earnings of the corporation. This theory is marked by a portion of the opinion at page 467:

"All the interest a shareholder in a corporation has is to receive his proportion of the corporate property divided while he is a shareholder. The interest arises by virtue of the fact that he is a shareholder, and is an incident to the certificate of stock held by him. A man can acquire no interest in the corporate property (except such an interest as might arise by virtue of his being a creditor of the corporation), without becoming a shareholder, and the only beneficial interest of a shareholder is his right to share in the dividends declared while he is a shareholder; and when he sells and transfers his stock, he parts with his beneficial interest in the corporate property."

The court in the Marble case is of opinion that the principle contended for by the plaintiff here would be violative of sound corporate practice indicated by this language, page 467:

"If the right to receive one future dividend can be separated from the stock of a corporation and reserved upon a sale and absolute transfer of the stock, a dozen future dividends may be reserved, and yet the stock transferred by an absolute transfer; and if one share may be so transferred and the right to the future dividends reserved, 1,000 shares may be so transferred, and while the entire stock of the corporation may be held by one set of men who would elect the board of directors, choose officers, etc., another set of men not known to the corporation, strangers, would step in and draw the dividends."

This case deserves respect as authority because of the fact that it was decided in 1888 and has not been overruled or distinguished throughout a period when corporate practice has been most active in all of its aspects.

We recognize that the right of parties to contract should be encouraged and in this case the corporation itself urges no objection to a consummation of the act of the parties.

Plaintiff contends that the Marble case, supra, is against the weight of authority and cites in support thereof 10 O. Jur., 465, wherein, discussing the Marble case, it is said:

"But it may well be doubted whether this is sound law; text-writers indicate that the rule is otherwise."

Citing 2 Cook on Corporations, 7th ed. Par. 539:

"Nevertheless, any agreement between vendor and vendee modifying or changing the above rules will be upheld. Dividends are a proper subject for a contract and a valid contract may be made in reference to them." (Also citing 7 Ruling Case Law, pp. 292, 293.)

7

However, an examination of the cited authorities discloses that the texts though recognizing the rule note the exception to the effect that the reservation by vendor of after declared dividends does not extend to stock dividends.

We have examined the cases cited by counsel for plaintiff and find none which is authority to support the contract in question wherein it undertakes to reserve to the vendor dividends in stock declared after the transfer of stock to the vendee. The authorities cited in Ruling Case Law and in Cook on Corporations support the exception as indicated in the text.

We are not required to hold, nor do we hold as does the Marble case, supra, that no after declared dividends may be reserved by vendor in the sale of stock but that such dividends when declared in stock are not the subject of such reservation. This latter conclusion too is supported by authority outside of Ohio. Kaufman v Charlottesville Woolen Mills (Va.) 25 SE 1003; Lancaster Trust Company v Mason (N. C.) 68 SE 235. The reasoning upon which the courts hold that stock dividends cannot be reserved under the conditions found in the instant case are well set forth in Kaufman v Charlottesville Woolen Mills, supra, in this language:

"A stock dividend is not, in the ordinary sense, a dividend; the latter being the distribution of profits to stockholders, as income from their investment. A stock dividend is merely an increase in the number of shares, the increased number representing exactly the same property that was represented by the smaller number of shares. The corporate property remains the same after the stock is increased as before, and the interest of each stockholder in the corporate property is also unchanged. He merely holds a new representative or evidence of that interest."

However, Rose v Barclay et, 191 Pa. 594; 45 L.R.A., 392 supported the claim of a vendor to stock dividends declared on stock after the date of its transfer upon language reading:
"Including all dividends due or to become due thereon." The court finds support to its satisfaction in cited Pennsylvania cases. In a discussion of the matter at page 397 it is said:

"It is argued that only cash dividends were intended by these words. That, however, is not the meaning of the word 'dividends.' In Weimer on Pennsylvania Corporation Law this definition of dividend is given, page 342: 'Dividend is that portion of the profits and surplus funds of a corporation which has actually been set apart by a valid resolution of the board of directors, or by the shareholders at a corporate meeting for distribution among the stockholders, according to their respective interests, in such a sense as to become segregated from the property of the corporation to become the property of the shareholders distributively. It is a matter of no difference whether the dividend is declared in stock or paid in cash and thereafter converted into stock by the shareholders; in either event it is a distribution of the surplus profits of the corporation'."

This reasoning of the court in Rose v Barclay is in conflict with the language of Justice Holmes in Towne v Eisner, 245 U. S., 426:

"The stock dividend really takes nothing from the property of the corporation and adds nothing to the interests of the shareholders. Its property is not diminished and their interests are not increased, the proportional interest of each shareholder remains the same. The only change is in the evidence which represents that interest the new shares and the original shares together representing the same proportional interests that the original shares represented before the issue of the new ones. * * *."

We believe that there is significance in the language employed in the contract and that it tends to support the judgment of the trial court. The reservation was "all accrued dividends and earnings which might be applicable to the stock sold to the date of transfer."

With the sweeping power of the directors to control the declaration of dividends it is doubtful indeed if any may be characterized as an accrued dividend until it is declared. "Earnings" seems to have been used in the same sense as accrued dividends. It is doubtful if under the language of the contract itself granting the right of the parties to assure the right of reservation of after declared stock dividends to the vendor, the stock dividends in question were reserved.

It is urged that the amended petition of the plaintiff strengthens his case because it is there averred that the vendor knew at the time of the sale of the existing ac-

cumulation of earnings of the company subject to be declared as a dividend and that he contracted with this in mind. But it is not claimed that the vendee had this specific knowledge nor that the language was drawn with a common purpose in mind. This specific knowledge of the vendor does not affect the rights of the parties because there is no claim of ambiguity in the language employed and we are bound to make determination upon the specific terms of the written agreement.

In our judgment the trial court was correct in its determination that the plaintiff was not entitled to the stock dividends and cash dividend thereon which he claimed under the contract and in holding that the defendant was entitled thereto. The demurrer to the second amended petition was properly sustained. The judgment of the trial court will therefore be affirmed.

KUNKLE and BARNES, JJ, concur.